J-S28032-17

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| EMIRE ROSENDARY, | : | |
| | : | |
| Appellant | : | No. 1503 WDA 2016 |

Appeal from the Judgment of Sentence May 13, 2016
in the Court of Common Pleas of Erie County
Criminal Division, at No(s): CP-25-CR-0000036-2014

BEFORE:    OLSON, MOULTON, and STRASSBURGER,* JJ.

MEMORANDUM BY STRASSBURGER, J.:    **FILED JULY 10, 2017**

Emire Rosendary (Appellant) appeals from the judgment of sentence imposed after he was found guilty of robbery, conspiracy, possession of instruments of a crime, and two counts of terroristic threats.[1]  We affirm.

Because of the issues raised herein, a full recitation of the factual and procedural history is not necessary.  Pertinent to this appeal, Appellant was charged with, *inter alia*, the above-mentioned offenses from an incident that

---

[1] As set forth by the trial court,

> [t]he jury verdict slips for Counts Three, Four, Five, Six, Seven[,] and Eight, indicate "Merged by Court – No Verdict" and each verdict slip for these counts was signed by Judge Shad Connelly on March 25th, 2015.  Furthermore, the verdict slip for Count Nine indicates "Judgement of Acquittal" and [was also signed by Judge Connelly on March 25th].

Trial Court Opinion, 12/1/2016, at 2.

---

*Retired Senior Judge assigned to the Superior Court.

occurred in December 2013. Specifically, Appellant was found guilty of robbing a store at gunpoint and threatening the employees inside. Appellant received an aggregate sentence of six and one half years to 13 years' incarceration.[2]

Appellant timely filed a motion to modify and/or reconsider his sentence on May 26, 2015. No hearing was held, and on May 29, 2015 Appellant's motion was denied. No direct appeal was filed.

On May 11, 2016, Appellant filed *pro se* a petition pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546. Therein, Appellant requested the reinstatement of his direct appeal rights *nunc pro tunc*. Counsel was appointed, filed an amended petition, and following an evidentiary hearing, the trial court granted Appellant's request, directing that he file a notice of appeal within thirty days, which he did. Both Appellant and the trial court complied with Pa.R.A.P. 1925.

On appeal, Appellant states the following issues for this Court's consideration:

1. Whether the sentencing court committed legal error and abused its discretion in failing to afford due consideration and deference to the mitigating factors presented and otherwise discernible on behalf of the appellant?

---

[2] Specifically, Appellant was sentenced as follows: Count 1, 36 to 72 months' incarceration; Count 2, 42 to 84 months' incarceration, to run consecutive to count 1; Count 10, three to 24 months' incarceration, concurrent to count two; Count 11, six to 24 months' incarceration, concurrent with count 10; Count 12, six to 24 months' incarceration, concurrent to count 10.

2. Whether the sentencing court committed legal error and abused its discretion in imposing a consecutive sentencing scheme without a legally sufficient contemporaneous statement in support of that sentencing election?

Appellant's questions challenge the discretionary aspects of his sentence. Accordingly, we bear in mind the following.

Challenges to the discretionary aspects of sentencing do not entitle an appellant to review as of right. An appellant challenging the discretionary aspects of his [or her] sentence must invoke this Court's jurisdiction by satisfying a four-part test:

We conduct a four-part analysis to determine: (1) whether appellant has filed a timely notice of appeal, *see* Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, *see* Pa.R.Crim.P. 720; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.[] § 9781(b).

***Commonwealth v. Griffin***, 65 A.3d 932, 935 (Pa. Super. 2013) (some citations omitted).

Here, Appellant filed timely a post-sentence motion and a notice of appeal, and included a statement pursuant to Rule 2119(f) in his brief. We now turn to consider whether Appellant has presented substantial questions for our review.

The determination of what constitutes a substantial question must be evaluated on a case-by-case basis. ***Commonwealth v. Paul***, 925 A.2d 825, 828 (Pa. Super. 2007). "A substantial question exists only when the appellant advances a colorable argument that the sentencing judge's actions

were either: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process." *Commonwealth v. Griffin*, 65 A.3d 932, 935 (Pa. Super. 2013) (citation and quotation marks omitted).

In his 2119(f) statement, Appellant set forth the following issues: "the sentencing court failed to afford due weight and consideration to mitigating factors presented by [Appellant.] Moreover, the [sentencing] court failed to proffer a legally sufficient statement on the record in support of the imposition of a consecutive sentence." Appellant's Brief at 4.

Upon review, we find Appellant's first issue, alleging the sentencing court failed to afford "due weight and consideration of mitigating factors" does not raise a substantial question. *See Commonwealth v. Disalvo*, 70 A.3d 900, 903 (Pa. Super. 2013) ("[T]his Court has held on numerous occasions that a claim of inadequate consideration of mitigating factors does not raise a substantial question for our review.") (quoting *Commonwealth v. Downing*, 990 A.2d 788, 794 (Pa. Super. 2010)). *See also Commonwealth v. Zirkle*, 107 A.3d 127, 133 (Pa. Super. 2014) ("[W]e have held that a claim that a court did not weigh the factors as an appellant wishes does not raise a substantial question.").[3]

---

[3] Moreover, the sentencing court had the benefit of a pre-sentence investigation report (PSI). "Where the sentencing court had the benefit of a [PSI], we can assume the sentencing court 'was aware of relevant information regarding the defendant's character and weighed those considerations along with mitigating statutory factors.'" *Commonwealth v.*

While the trial court's failure to consider adequately mitigating factors does not raise a substantial question for our review, Appellant's averment that the sentencing court "failed to proffer a legally sufficient statement on the record in support of the imposition of a consecutive sentence[,]" does. *See Commonwealth v. Flowers*, 149 A.3d 867, 871 (Pa. Super. 2016) (Noting that an appellant raises "a substantial question for our review by asserting that the trial court failed to state adequate reasons on the record for [an a]ppellant's sentence.").

In support of this argument, Appellant avers that the record fails to show that "the sentencing court afforded due and adequate consideration to mitigating factors" at the time of sentencing. Appellant's Brief at 5. Appellant further argues that "the recitation of factors in support of the imposition of consecutive sentences was insufficient" and that the court erred in failing to provide "a legally sufficient contemporaneous statement in support of the imposition of consecutive sentences." *Id.*

Prior to imposing Appellant's sentence, the sentencing court stated the following:

> [t]he [sentencing court] has considered the Pennsylvania Sentencing Code, the [PSI] and the Pennsylvania guidelines on sentencing. The [sentencing court] has considered the statements made by [d]efense counsel, [Appellant], and the attorney for the Commonwealth. The [sentencing court] considered [Appellant's] age, his background, his character and his rehabilitative needs, the nature, circumstances and the

---

*Griffin*, 65 A.3d 932, 937 (Pa. Super. 2013) (quoting *Commonwealth v. Devers*, 546 A.2d 12, 18 (Pa. 1988)).

- 5 -

seriousness of the offense, the protection of the community, the impact the offense had upon the victims. The [sentencing court] would acknowledge [Appellant's] young age. The [sentencing court] also notes that [Appellant's] mother and father have testified on behalf of [Appellant]

The fact that [Appellant] has pending charges, which there has not been a preliminary hearing yet, will play very little or none at all with the [court] in terms of its consideration today.

This offense, however, was serious. [Appellant] stuck a gun in the victims' faces, ordered them around the store with his codefendant and showed little or no regard for their safety or wellbeing. And it was pretty obvious, from the video, that the victims were scared and rightfully so. And, in fact, as a result of this offense, the one victim has noted in her statement that this has had a sever[e] impact upon her. And, in fact, two of the victims have quit the store because of this incident. And I believe the other one has transferred to another position in another store. So, this has significantly impacted at least two or three people.

And it was pretty clear, from the video, that [Appellant] did not show any concern or regard for his family while he was engaged in his desire to take money that didn't belong to him.

And the [court] is certainly aware, because the crime is on tape, as to what [Appellant] did and how he did it.

The [sentencing court] also note[s] that [Appellant] has shown remorse here today. And I don't know what happened prior to [Appellant's] trial, but certainly there was no remorse or responsibility taken by [Appellant] to the [court] before today. I'm not sure, but I hope that [Appellant] sincerely means what he has said about the victims and his crime and his actions, but I'm not entirely convinced that also wasn't to diminish his sentence with the [court] here today. It will be up to [Appellant] to prove, in the future, what kind of person he really is, but for today's purpose, he's before the [court] as a criminal who has committed serious felony offenses and he must face the consequences of his decisions, his actions and his words in terms of his threats to his victims during his crime.

> The [sentencing court] having considered all of those things will order the following sentence which is of the standard range of the Pennsylvania Sentencing Guidelines[.]

N.T., 5/13/2015, at 19-21.

In this case, prior to sentencing, the court provided a summary of what it considered when fashioning Appellant's sentence, which included statements by Appellant and his family, as well as the PSI. We reiterate that when a sentencing court has had the opportunity to review a PSI, "we can assume the sentencing court 'was aware of relevant information regarding the defendant's character and weighed those considerations along with mitigating statutory factors.'" **Griffin**, 65 A.3d at 937 (quoting **Devers**, 546 A.2d at 18). Despite this information, for the reasons given, the sentencing court found that consecutive standard range sentences were appropriate. We discern no abuse of discretion in the court's determination.

Accordingly, after a thorough review of the record and briefs, we find Appellant has presented no issue on appeal which would convince us to disturb his judgment of sentence.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/10/2017

- 7 -