J. A10010/17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| WAYNE DUMAS | : | |
| APPELLANT | : | |
| | : | |
| | : | No. 929 EDA 2016 |

Appeal from the Judgment of Sentence February 22, 2016
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0014535-2011

BEFORE: DUBOW, J., SOLANO, J., and FORD ELLIOTT, P.J.E.

MEMORANDUM BY DUBOW, J.: **FILED JULY 21, 2017**

Appellant, Wayne Dumas, appeals from the February 22, 2016 Judgment of Sentence imposed after the court found him in violation of probation ("VOP"). After careful review, we conclude the VOP court failed to conduct a proper sentencing proceeding. We, thus, vacate and remand for resentencing.

On January 24, 2013, Appellant entered a negotiated guilty plea to Criminal Trespass. The Honorable Rayford Means sentenced Appellant to three years' probation. While on probation, Appellant committed a Robbery. On May 1, 2015, the Honorable Daniel J. Anders convicted him of the Robbery charge and imposed a sentence of fifteen to thirty months' incarceration, followed by five years' probation.

On February 22, 2016, Judge Means held a VOP hearing that lasted approximately two-and-a-half minutes.[1]  At the hearing, the Commonwealth told Judge Means about Appellant's initial conviction for Criminal Trespass, on which the court had imposed a sentence of three years' probation, and informed the court of Appellant's violation resulting from the subsequent Robbery conviction.  The Commonwealth then requested a consecutive sentence of one-and-a-half to three years' incarceration, followed by four years' probation.  Appellant declined to allocute.  *See* N.T. VOP Hearing, 2/22/16, at 3-5.  At the end of the hearing, Judge Means concluded that Appellant was in direct violation of his probationary sentence, revoked Appellant's probation, and sentenced him to the statutory maximum sentence of three-and-a-half to seven years' imprisonment, to run consecutively to his Robbery sentence.

On February 24, 2016, Appellant filed a Petition for Reconsideration of Sentence, which the VOP court denied.  Appellant timely appealed.  Both Appellant and the VOP court complied with Pa.R.A.P. 1925.

Appellant raises the following issue on appeal:

Did the lower court abuse its discretion where, during a perfunctory two[-]and[-]one-half minute video hearing, the court revoked [A]ppellant's probation and imposed a manifestly excessive, consecutive statutory maximum sentence, without considering, or even having knowledge of, [A]ppellant's personal history and rehabilitative needs, and without stating any reasons for its sentence?

---

[1] Appellant "appeared" via video monitor.

Appellant's Brief at 3.

When we consider an appeal from a sentence imposed after the VOP court has revoked probation, our review is limited to "the validity of the revocation proceedings, the legality of sentence imposed following revocation, and any challenge to the discretionary aspects of the sentence imposed." *Commonwealth v. Wright*, 116 A.3d 133, 136 (Pa. Super. 2015) (citation omitted).

Instantly, Appellant raises a challenge to the discretionary aspects of his sentence. We review a sentencing determination for an abuse of discretion. *Commonwealth v. Zirkle*, 107 A.3d 127, 132 (Pa. Super. 2014). However, "[t]he right to appellate review of the discretionary aspects of a sentence is not absolute, and must be considered a petition for permission to appeal." *Id.* In order to invoke this Court's jurisdiction, we must consider the following four elements:

(1)    whether appellant has filed a timely notice of appeal;
(2)    whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence;
(3)    whether appellant's brief has a fatal defect; and
(4)    whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code.

*Id.*

Here, Appellant filed a timely Notice of Appeal, properly preserved the issues, and included in his brief a Statement of Reasons relied upon for allowance of appeal, pursuant to Pa.R.A.P. 2119(f). Accordingly, we next

determine whether Appellant's claim presents a "substantial question" for review.

An appellant raises a "substantial question" when he "sets forth a plausible argument that the sentence violates a provision of the [S]entencing [C]ode or is contrary to the fundamental norms of the sentencing process." *Commonwealth v. Crump*, 995 A.2d 1280, 1282 (Pa. Super. 2010) (citation omitted).

Appellant argues that he presents a "substantial question" that warrants review by this Court because the VOP court imposed a manifestly excessive sentence without considering Appellant's background or rehabilitative needs, without stating on the record its reasons for dispensing with a pre-sentence investigative ("PSI" report), and without stating any reasons for the sentence on the record. Appellant's Brief at 7-9. We agree that Appellant has raised a "substantial question." *See, e.g.*, *Commonwealth v. Ferguson*, 893 A.2d 735, 737 (Pa. Super. 2006) (concluding that a claim that a sentence is manifestly excessive presents a "substantial question" for review); *Commonwealth v. Flowers*, 950 A.2d 330, 332 (Pa. Super. 2008) (imposition of a sentence without considering the requisite statutory factors or stating adequate reasons for dispensing with a pre-sentence report does raise a "substantial question"); *Commonwealth v. L.N*., 787 A.2d 1064, 1071 (Pa. Super. 2001) (stating a claim that a sentencing court has failed to state adequate reasons on the

record for the sentence imposed presents a "substantial question" for review).

Now that we have found that Appellant raised a "substantial question," we will address the merits of Appellant's claims. Appellant avers that the VOP court violated the Sentencing Code when it failed to order a PSI report, failed to state on the record the reasons for dispensing with a PSI report, and failed to state its reasons for imposing the sentence on the record.[2] Appellant's Brief at 10. Appellant also contends that his sentence of three-and-a-half to seven years' incarceration was manifestly unreasonable and excessive. Appellant's Brief at 13.

This Court has explained the general standards that a VOP court is to apply in sentencing a defendant:

> When imposing a sentence, the sentencing court must consider the factors set out in 42 Pa.C.S. § 9721(b), that is, the protection of the public, gravity of offense in relation to impact on victim and community, and rehabilitative needs of defendant, and it must impose an individualized sentence. The sentence should be based on the minimum confinement consistent with the gravity of the offense, the need for public protection, and the defendant's needs for rehabilitation.

**Commonwealth v. Ferguson**, 893 A.2d 735, 739 (Pa. Super. 2006) (citation omitted). When a court resentences an offender following revocation of probation "the court shall make as a part of the record, and disclose in open court at the time of sentencing, a statement of the reason

---

[2] The Commonwealth does not oppose a remand to allow the court to explain the reasons for its sentence. Commonwealth's Brief at 7.

or reasons for the sentence imposed." 42 Pa.C.S. § 9721(b); **see also** Pa.R.Crim.P. 708(D). When stating its reasons, "[a] sentencing court need not undertake a lengthy discourse for its reasons for imposing a sentence or specifically reference the statute in question, but the record as a whole must reflect the sentencing court's consideration of the facts of the crime and character of the offender." **Crump**, supra at 1283. Failure to comply with Section 9721(b) "shall be grounds for vacating the sentence or resentence and resentencing the defendant." 42 Pa.C.S. § 9721(b).

It is the sentencing judge's responsibility to be sure that he has before him "sufficient information to enable him to make a determination of the circumstances of the offense and the character of the defendant." **Commonwealth v. Goggins**, 748 A.2d 721, 728 (Pa. Super. 2000). A sentencing court has the discretion to order a PSI report to aid in fashioning an individualized sentence. **See** Pa.R.Crim.P. 702(A); **Goggins**, **supra** at 728-29 (listing "essential and adequate elements" of a PSI report). The sentencing judge must either order a PSI report or conduct "sufficient presentence inquiry such that, at a minimum, the court is apprised of the particular circumstances of the offense . . . as well as the defendant's personal history and background." **Goggins, supra** at 728. When deciding to forgo a PSI report in cases where incarceration for one year or more is a possible disposition, Rule 702 requires the court to place its reasons for

dispensing with the PSI report on the record. ***See*** Pa.R.Crim.P. 702(A)(2)(a).

In the instant case, the notes of testimony show that at the time of the resentencing hearing, the VOP court did not state on the record **any** reasons for imposing Appellant's sentence as required by Section 9721 and corresponding Rule 708.[3] The record as a whole fails to reflect any consideration of the "facts of the crime and character of the offender." ***See*** ***Crump, supra*** at 1283. Rather, the two-and-a-half minute long hearing consisted solely of a recitation of Appellant's former and current convictions and their corresponding sentences.

In addition, the VOP court failed to place on the record its reasons for dispensing with a PSI report as required by Rule 702; and, in the absence of a PSI report, the court failed to conduct a pre-sentence inquiry as required pursuant to ***Goggins, supra***. The VOP hearing transcript is devoid of any information regarding the circumstances of Appellant's probation violation and the facts of his crimes, his educational and employment background, his social and familial history, or his medical and psychiatric history. The court

---

[3] In its 1925(a) Opinion, the VOP court lists several factors that it took into consideration when imposing Appellant's new sentence, but this does not fulfill the requirements of Section 9721(b). ***See Commonwealth v. Flowers***, 149 A.3d 867, 876 (Pa. Super. 2016) (stating that "it is not sufficient for the trial court to state its reasons in a post-sentence Rule 1925(a) opinion."). Rather, "[t]he reasons must be given in open court at the time of sentencing." ***Id.*** (quotation marks and citations omitted).

would have been privy to this background information had it ordered a PSI report or conducted the required pre-sentence inquiry.

We conclude that the VOP court abused its discretion when it failed to state on the record the reasons for the sentence imposed, failed to state on the record the reasons for dispensing with a PSI report, and failed to conduct a pre-sentence inquiry regarding the circumstances of the offense and the character of the defendant in order to fashion an individualized sentence. Accordingly, we are constrained to remand this matter to the VOP court for re-sentencing. Because our disposition renders Appellant's claim that his sentence was manifestly excessive unripe, we decline to address it. *See Flowers*, 149 A.3d at 877.

Judgment of sentence vacated. Case remanded for resentencing in accordance with this Memorandum. Jurisdiction relinquished.

Judgment Entered.

_____

Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/21/2017