J-S01005-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| SEAN ALEXANDER FAIRWEATHER, | : | |
| | : | |
| Appellant | : | No. 754 MDA 2017 |

Appeal from April 3, 2017 Order,
in the Court of Common Pleas of Lackawanna County,
Criminal Division at No(s):  CP-35-CR-0000505-2013

BEFORE:  GANTMAN, P.J., MURRAY, J., and MUSMANNO, J.

MEMORANDUM BY MUSMANNO, J.:           **FILED MARCH 21, 2018**

Sean Alexander Fairweather ("Fairweather") appeals from the Order denying his Petition for relief filed pursuant to the Post Conviction Relief Act ("PCRA").[1, 2]  We affirm.

On December 11, 2013, Fairweather pled guilty to one count each of possession with intent to deliver a controlled substance ("PWID") and

---

[1] **See** 42 Pa.C.S.A. §§ 9541-9546.

[2] Fairweather's modified judgment of sentence became final on May 25, 2016, 30 days after its entry.  A collateral challenge to the legality of sentence, for failure to give credit for time served, must be brought pursuant to the PCRA.  **Commonwealth v. Beck**, 848 A.2d 987, 989 (Pa. Super. 2004).  Regardless of what a defendant titles his petition, "the PCRA is the exclusive vehicle for obtaining post-conviction collateral relief." **Commonwealth v. Kutnyak**, 781 A.2d 1259, 1261 (Pa. Super. 2001).

criminal use of a communication facility.[3] On July 29, 2014, the trial court sentenced Fairweather to two years in the State Intermediate Punishment ("SIP") Program, followed by two years of special probation for his conviction of PWID, and three years of special probation for criminal use of a communications facility.

Subsequently, Fairweather violated his SIP sentence. On March 28, 2016, the trial court revoked Fairweather's SIP sentence, and resentenced Fairweather to 18-36 months in prison, plus two years of special probation for his conviction of PWID. For his conviction of criminal use of a communications facility, the trial court resentenced Fairweather to three years of special probation, to be served consecutive to his sentence for PWID. On April 25, 2016, the trial court modified and clarified its sentence, vacating its award of credit for time served by Fairweather in the SIP Program.

On June 9, 2016, Fairweather filed a *pro se* Petition for credit for time served.[4] On July 15, 2016, Fairweather filed a counseled Motion for Clarification and for Credit for All Time Served. On April 3, 2017, after a hearing, the PCRA court denied Fairweather relief on his Motion.

---

[3] **See** 35 P.S. § 780-113(a)(30); 18 Pa.C.S.A. § 7512(a).

[4] **See Commonwealth v. Chambers**, 35 A.3d 34, 38 (Pa. Super. 2011) (explaining that a *pro se* prisoner's document is deemed filed on the date he delivers it to prison authorities for mailing).

- 2 -

Fairweather thereafter filed a timely Notice of Appeal, followed by a court-ordered Pa.R.A.P. 1925(b) Concise Statement of matters complained of on appeal.

Fairweather presents the following claims for our review:

I.    Whether the [s]entencing [c]ourt erroneously classified [Fairweather's] time spent at [SIP] mandated rehabilitation facilities not as imprisonment, but as time free on liberty?

II.   Whether[] the [s]entencing [c]ourt violated [Fairweather's] right to due process by vacating time served without a hearing on the matter?

Brief for Appellant at 8.

"In reviewing the denial of PCRA relief, we examine whether the PCRA court's determination is supported by the record and free of legal error." **Commonwealth v. Montalvo**, 114 A.3d 401, 409 (Pa. 2015) (citation and internal quotation marks omitted).

Fairweather first challenges the trial court's failure to award credit for the time he served in SIP. Brief for Appellant at 18. Fairweather argues that, as part of his sentence, he was required to be committed to drug and alcohol rehabilitation facilities run by the Department of Corrections ("DOC"). *Id.* at 19. Fairweather contends that the time he spent at Gaudenzia Rehabilitation Centers ("Gaudenzia") in Philadelphia and West Chester should be credited towards his sentence. *Id.* at 19. According to Fairweather, the Gaudenzia facilities were surrounded by a fence with

- 3 -

barbed wire; the doors had electronic locks; he would have been considered an escapee if he had left the facility; he was confined to the interior of the facility unless scheduled for a recreational period in a fenced-in yard; and his days were rigorously scheduled. *Id.* Fairweather further argues that he was a "pre-release inmate" during his time at the Gaudenzia facilities. *Id.* at 20. Fairweather directs our attention to the decision in *Meehan v. Board of Probation and Parole*, 808 A.2d 313 (Pa. Cmwlth. 2002), in which the Commonwealth Court concluded that time spent at a similar facility was considered "custodial." Brief for Appellant at 20-21. Fairweather further argues that time he spent at the Scranton Community Corrections Center ("CCC") should be credited towards his sentence. *Id.* at 21. Fairweather asserts that his status as a "pre-release inmate" did not change upon his furlough to the CCC. *Id.*

A challenge to the trial court's failure to award credit for time served prior to sentencing is a challenge to the legality of a sentence. *Commonwealth v. Johnson*, 967 A.2d 1001, 1003 (Pa. Super. 2009). The question of whether a trial court imposed an illegal sentence is a question of law and, therefore, our review is *de novo*. *Commonwealth v. Infante*, 63 A.3d 358, 363 (Pa. Super. 2013).

As this Court has explained,

SIP is a two-year program designed to benefit certain criminal offenders with drug and alcohol problems. Treatment in the program "is a privilege granted at the discretion of the sentencing court." [*Commonwealth v.*] *Kuykendall*, 2 A.3d

- 4 -

[559,] 565 [(Pa. Super. 2010)]. During the two-year program, the sentenced individual progresses from incarceration to in-patient drug treatment, outpatient treatment and supervision, and, finally, reintegration into the community. 61 Pa.C.S.[A.] § 4105(b); *see Kuykendall*, 2 A.3d at 560. The program gives the [DOC] "maximum flexibility" to "transfer a participant back and forth between less restrictive and more restrictive settings." 61 Pa.C.S.[A.] § 4105(c)(2).

Under Section 4105(f)(3), "[a] participant may be expelled from the drug offender treatment program at any time in accordance with guidelines established by the department, including failure to comply with administrative or disciplinary procedures or requirements set forth by the department." 61 Pa.C.S.[A.] § 4105(f)(3). Section 9774 of the Sentencing Code provides that if a SIP participant is expelled, the trial court may revoke a participant's SIP sentence after a hearing. At that point, "the sentencing alternatives available to the court shall be the same as the alternatives available at the time of initial sentencing." 42 Pa.C.S.[A.] § 9774(c).

*Commonwealth v. Flowers*, 149 A.3d 867, 873 (Pa. Super. 2016).

In *Kuykendall*, this Court explained that, "[i]n exchange for admittance into SIP, the defendant surrenders his statutory right to credit for time served while housed in a county correctional institution or non-Pennsylvania state correctional facility." *Kuykendall*, 2 A.3d at 565. "The SIP statute specifically states that a defendant will not receive credit for time served while incarcerated in a county correctional facility." *Id.* at 563 (citing 61 Pa.C.S.A. § 4105(b)).

By accepting SIP, Fairweather surrendered his statutory right to credit for time served while housed at Gaudenzia and CCC. *See Kuykendall*, 2

A.3d at 565. Accordingly, he is not entitled to relief on his first claim.[5, 6] **See id.**

In his second claim, Fairweather argues that his constitutional right to due process was violated when the sentencing court vacated the portion of the sentence awarding credit for time served, at the request of the DOC. Brief for Appellant at 22. Fairweather asserts that the modification of his sentence constituted the imposition of a new sentence. **Id.** at 23. Fairweather asserts that he was not notified, nor present, for the issuance of the new sentence, entered on April 2, 2016. **Id.** Fairweather argues that "[t]his was, in effect, a sentence handed out by the DOC, which it had no standing to do …." **Id.** at 24.

The Pennsylvania Commonwealth Court has addressed a similar issue, and concluded that a prisoner's due process rights were safeguarded, where the DOC has inquired about the trial court's credit for time served:

> Where a trial court's sentencing order is illegal on its face, due process opportunity to be heard is afforded to the prisoner seeking credit in the form of a *nunc pro tunc* petition to the sentencing court, and if denied, through further appeal

---

[5] Fairweather's reliance upon **Meehan** is misplaced, as in that case, the defendant was sentenced to a rehabilitation clinic as a condition of his parole, and not as part of the SIP Program. **See Meehan**, 808 A.2d at 315.

[6] However, even if Fairweather had not been sentenced to Gaudenzia and CCC as part of SIP, we would conclude that he is not entitled to relief, for the reasons stated in the PCRA Court's Opinion. **See** PCRA Court Opinion, 7/11/17, at 4-6.

therefrom. Where a trial court's sentencing order is legal on its face, due process opportunity to be heard is afforded since a prisoner may petition [the Commonwealth] Court[,] in [its] original jurisdiction[,] seeking a writ of *mandamus* to compel DOC to properly compute a prisoner's prison sentence.

***Barndt v. Pa. Dep't of Corr.***, 902 A.2d 589, 598 (Pa. Cmwlth. 2006) (citations omitted). We agree with and adopt the reasoning of the Commonwealth Court.[7] ***See id.***

In his PCRA Petition, Fairweather challenged the trial court's failure to award credit for the time he spent in the SIP Program. As set forth above, the PCRA court properly concluded that the statute precludes the award of credit for time spent in the SIP Program. Accordingly, we discern no abuse of discretion or error by the PCRA court in denying Fairweather relief on this claim.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 03/21/2018

---

[7] We additionally point out that the trial court modified Fairweather's sentence within 30 days of its initial entry. "Section 5505 of the Judicial Code provides the trial court 30 days to modify or rescind a final order, provided no appeal has been taken or allowed." ***Commonwealth v. Borrin***, 80 A.3d 1219, 1224 n.9 (Pa. 2013).