J-S38025-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
:
SHANNON NICOLE PRICE :
:
Appellant : No. 1801 WDA 2017

Appeal from the PCRA Order November 7, 2017
In the Court of Common Pleas of Cambria County Criminal Division at
No(s): CP-11-CR-0000733-2015,
CP-11-CR-0001401-2011, CP-11-CR-0001405-2011,
CP-11-CR-0001898-2015, CP-11-CR-0002506-2014

BEFORE: BOWES, J., NICHOLS, J., and STRASSBURGER, J.[*]

MEMORANDUM BY NICHOLS, J.: **FILED JULY 19, 2018**

Appellant Shannon Nicole Price appeals from the order dismissing her

first timely petition filed under the Post Conviction Relief Act (PCRA), 42

Pa.C.S. §§ 9541-9546.  Appellant claims that the PCRA court erred in imposing

a violation of probation (VOP) sentence without stating the reasons for the

sentence imposed on the record.  We affirm.

The trial court set forth the history of this case as follows:[1]

[O]n January 28, 2016, [Appellant] entered a guilty plea to Count
1 – Retail Theft – Take Merchandise, a second[-]degree
misdemeanor.  Sentencing was scheduled for March 28, 2016, and
[Appellant] failed to appear at that hearing.  A bench warrant for

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] We note that although this appeal lists docket numbers 733-2015, 1401-
2011, 1405-2011, 1898-2015, and 2506-2014, the only docket at issue here
is 1898-2015.  **See** Trial Ct. Op., 1/10/18, at 1; **see also** N.T., 9/7/17, at 2.

her arrest was issued on April 8, 2016, and [Appellant] was apprehended shortly thereafter. On April 12, 2016, the bench warrant was vacated and [Appellant] was sentenced: to pay the costs of prosecution; [to] pay restitution of $31.83; to serve a period of probation of twenty-three (23) months; and [to] attend and complete the drug and alcohol treatment program at the Cambria County Day Reporting Center (DRC). [Appellant]'s sentence was in the standard range as established by the offense gravity score and her high prior record score.

On May 31, 2016, a first probation violation was filed alleging [Appellant] had failed to comply with the rules and regulations of the DRC. Following a hearing held on June 6, 2016, [Appellant] was found in violation of her probation and sentenced to serve six (6) months in Cambria County Prison (CCP) with credit for time served and to have a drug and alcohol evaluation. By order dated August 22, 2016, [Appellant] was directed to be released to short-term residential treatment after September 19, 2016, and to return to the CCP when she completed the program or if she failed out.

On October 10, 2016, a Petition for Review Hearing was filed asserting that [Appellant] had been medically discharged, due to her pregnancy, from residential treatment on September 28, 2016. A hearing on the Petition was held October 18, 2016, at which time [Appellant] was released onto probation with a hearing to be scheduled to address her sentence and need for treatment after her baby was born. On December 19, 2016, a Petition for Review Hearing was filed to address [Appellant]'s need to complete the previously ordered drug and alcohol treatment and determine if placement back into the DRC program was appropriate. A hearing on the Petition was held December 28, 2016, and [Appellant] was again sentenced to complete the DRC program.

A second probation violation was filed on March 8, 2017, alleging that [Appellant] had failed to comply with the rules and regulations of the DRC. Following a hearing held March 20, 2017, [Appellant] was found in violation of her probation and was again sentenced to complete the DRC program. On March 25, 2017, a third probation violation was filed again alleging noncompliance with the DRC program. A hearing on this violation was held June 5, 2017, and [Appellant] was again found in violation of her probation and sentenced to serve forty-five (45) days in the CCP with credit for time served and was no longer eligible for the DRC.

> On August 31, 2017, a fourth probation violation was filed alleging that on August 24, 2017, [Appellant] had tested positive for Suboxone and marijuana. A hearing on this violation was held on September 7, 2017, at which time [Appellant] was found to again be in violation of her probation[2] and her original sentence was vacated and she was re-sentenced to: pay the costs of prosecution; pay an administration fee of three hundred dollars ($300); pay restitution of $31.83; . . . serve a period of incarceration at the CCP of eleven and a half (11½) to twenty-three (23) months; and all credit for street time away.

Trial Ct. Op., 1/10/18, at 1-3. Appellant did not file a direct appeal with this Court.

On September 12, 2017, Appellant filed a *pro se* PCRA petition alleging that she had not violated her probation five times as the trial court stated and that her sentence was a violation of the Double Jeopardy Clause. **See** PCRA Pet., 9/12/17, at 4. On September 21, 2017, the PCRA court appointed counsel.

On October 16, 2017, counsel filed an amended PCRA petition. In the amended PCRA petition, Appellant argued that: (1) the sentence the trial court imposed was in violation of Rule 708(D)(2) of the Pennsylvania Rules of Criminal Procedure[3] because the court failed to state its reasons on the record; (2) the sentence was excessive; and (3) the court failed to consider mitigating factors. **See** Am. PCRA Pet., 10/16/17, at 2-3.

---

[2] The PCRA court noted that at the hearing, the trial court "erroneously stated it was [Appellant]'s fifth violation rather than her fourth, the fifth petition was a review petition following her medical release from residential treatment." Trial Ct. Op., 1/10/18, at 7 n.2.

[3] Rule 708(D)(2) provides that "[t]he judge shall state on the record the reasons for the sentence imposed." Pa.R.Crim.P. 708(D)(2).

On November 7, 2017, following an evidentiary hearing, the PCRA court denied Appellant's PCRA petition. Trial Ct. Order, 11/7/17. The court reasoned that Appellant was "ineligible for relief under the [PCRA] as the relief sought, modification of sentence where the legality of the sentence is not challenged, is not available under the PCRA." *Id.* The instant appeal followed.

The PCRA court did not request, but Appellant filed, a Pa.R.A.P. 1925(b) statement of matters complained of on appeal. In her Rule 1925(b) statement, Appellant raised one issue:

> The [t]rial [c]ourt erred in denying Appellant's Petition for Post Conviction Relief; on the contrary, the Appellant submits that the [t]rial [c]ourt did not sufficiently provide a reason for the harsh sentence imposed on September 7, 2017; furthermore, the Appellant submits that the sentence imposed by the [c]ourt on September 7, 2017 was extremely undue and harsh.

Rule 1925(b) Concise Statement of Matters Complained of on Appeal, 11/20/17.

> Appellant raises the following issue on appeal:

> Whether the [t]rial [c]ourt erred in dismissing the Appellant's current PCRA Petition on the basis that the Appellant's sentence was properly explained at her probation violation hearing of November 7, 2017[.]

Appellant's Brief at 5.

Appellant argues that the trial court did not provide a proper explanation on the record for the sentence it imposed. *Id.* at 9. Appellant relies on ***Commonwealth v. Flowers***, 149 A.3d 867 (Pa. Super. 2016), where on direct appeal, the defendant challenged the discretionary aspects of his

sentence and this Court reversed, reasoning that the trial court failed to place sufficient reasons on the record. *Id.* at 12-15; *see Flowers*, 149 A.3d at 877. Appellant further argues that "the sentence imposed by the [c]ourt on September 7, 2017 on her probation revocation hearing violated the Pennsylvania Rules of Criminal Procedure for being legally insufficient." *Id.* at 9.

Our standard of review from the denial of a PCRA petition is limited to examining "whether the findings of the PCRA court are supported by the record and free of legal error." *Commonwealth v. Abu-Jamal*, 833 A.2d 719, 731 (Pa. 2003) (citation omitted).

Section 9543 of the Post-Conviction Relief Act establishes when a petitioner is eligible for relief. *See generally* 42 Pa.C.S. § 9543. Section 9543(a)(2) provides that to be eligible, a petition must plead and prove

> [t]hat the conviction or sentence resulted from one or more of the following:
>
> (i) A violation of the Constitution of this Commonwealth or the Constitution or laws of the United States which, in the circumstances of the particular case, so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place.
>
> (ii) Ineffective assistance of counsel which, in the circumstances of the particular case, so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place.
>
> (iii) A plea of guilty unlawfully induced where the circumstances make it likely that the inducement caused the petitioner to plead guilty and the petitioner is innocent.

(iv) The improper obstruction by government officials of the petitioner's right of appeal where a meritorious appealable issue existed and was properly preserved in the trial court.

(v) Deleted.

(vi) The unavailability at the time of trial of exculpatory evidence that has subsequently become available and would have changed the outcome of the trial if it had been introduced.

(vii) The imposition of a sentence greater than the lawful maximum.

(viii) A proceeding in a tribunal without jurisdiction.

42 Pa.C.S. § 9543(a)(2).

Moreover, it is well-established that "[c]hallenges to the discretionary aspects of sentencing are not cognizable under the PCRA." **Commonwealth v. Fowler**, 930 A.2d 586, 593 (Pa. Super. 2007) (citations omitted).

Appellant's argument that the trial court did not state its reasons for imposing its sentence and that the sentence imposed was unduly harsh and excessive relate to the discretionary aspects of her sentencing. Accordingly, Appellant is not entitled to relief under the PCRA. **See id.**

To the extent that Appellant raises a separate issue regarding the alleged insufficiency of her revocation hearing, we are constrained to conclude that she has waived this issue. In Appellant's counseled brief, she raises for the first time a bald assertion that the revocation hearing was "legally insufficient." **See** Appellant's Brief at 9. There is no indication that Appellant raised this issue at the probation revocation hearing, in her PCRA petition, or in her Pa.R.A.P. 1925(b) statement. **See generally** N.T., 9/7/17; PCRA Pet.,

9/12/17; Rule 1925(b) Concise Statement of Matters Complained of on Appeal, 11/20/17. Accordingly, the trial or PCRA courts have had no opportunity to address this issue. *See* Pa.R.A.P. 302(a) ("Issues not raised in the lower court are waived and cannot be raised for the first time on appeal.").

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/19/2018