J-S46022-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA  :   IN THE SUPERIOR COURT OF
                                         :          PENNSYLVANIA
                                         :
         v.                            :
                                         :
JOHN J. ROMAGNOLO           :
                                         :
          Appellant           :   No. 3662 EDA 2018

Appeal from the PCRA Order Entered November 15, 2018
In the Court of Common Pleas of Monroe County Criminal Division at
No(s):  CP-45-CR-0001024-2013

BEFORE:   PANELLA, P.J., OLSON, J., and COLINS, J.[*]

MEMORANDUM BY OLSON, J.:                    **FILED OCTOBER 28, 2019**

Appellant, John J. Romagnolo, appeals *pro se* from an order entered on

October 4, 2018, which dismissed his petition for collateral relief filed pursuant

to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546.  We

affirm.

The PCRA court accurately summarized the factual background of this

case as follows:

> On May 20, 2013, Appellant was charged by criminal information
> with 64 counts relating to his participation in the trafficking of
> oxycodone by having fraudulent prescriptions filled at pharmacies
> throughout Monroe County[, Pennsylvania].  On June 25, 2014,
> Appellant entered an open guilty plea to two counts of the criminal
> information: conspiracy to commit acquisition or obtaining of
> possession of a controlled substance by misrepresentation, fraud,
> forgery, deception, or subterfuge and corrupt organizations.
> Appellant's written guilty plea and colloquy states that "[i]n return
> for this guilty plea, the Commonwealth has agreed to the

---

[*] Retired Senior Judge assigned to the Superior Court.

following: *nolle pros* [sic] all other charges [and] agree to [a] concurrent sentence." Sentencing was originally scheduled for September 23, 2014[;] however, after a number of continuances of the sentencing hearing, [the trial court] issued a bench warrant on April 30, 2015, for Appellant's failure to appear[.] In July of 2016, Appellant was apprehended and returned to [the trial] court on said bench warrant. On August 1, 2016, [the trial court] sentenced Appellant to a period of incarceration of not less than 90 months nor more than 180 months for the crime of conspiracy and a period of incarceration of not less than 18 months nor more than 36 months for the crime of corrupt organizations. [The trial court] directed [] [the] sentences [to] run consecutive for a total aggregate sentence of not less than 108 months nor more than 216 months. Appellant did not file post-sentence motions or a direct appeal.

On September 12, 2017, Appellant filed a *pro se* motion that [the PCRA court] construed as a petition for post-conviction collateral relief. [The PCRA court] assigned Appellant new counsel, Janet Catina, Esq., and scheduled a hearing. After a number of continuances, the Attorney General's Office filed a motion to dismiss Appellant's PCRA [petition] as untimely. After consideration of said motion, Appellant's response to same, and the record, [the PCRA court] dismissed Appellant's first PCRA petition as untimely on July 3, 2018. Appellant did not [] appeal [the PCRA court's] dismissal.

PCRA Court Opinion, 2/5/19, at 1-2 (footnotes, internal citations, and superfluous capitalization omitted).

Appellant filed his second *pro se* PCRA petition on August 9, 2018. Appellant's Second PCRA Petition, 8/9/18, at 1-11. On October 25, 2018, the PCRA court provided Appellant with notice that it intended to dismiss his PCRA petition in 20 days without holding a hearing, as the petition was untimely. PCRA Court Order, 10/25/18, at 1; *see* Pa.R.Crim.P. 907(1). The PCRA court dismissed Appellant's petition on November 13, 2018. PCRA Court Order,

11/13/18, at 1. This appeal followed.[1] Appellant raises various issues on appeal.[2] However, "[c]rucial to the determination of any PCRA appeal is the

_____

[1] The deadline for filing an appeal to this Court was Monday, December 17, 2018. Appellant's notice of appeal has two timestamps indicating when it was received and docketed: one from receipt in chambers on December 19, 2018, and one from the clerk of courts' office dated December 20, 2018, both of which are after the 30-day deadline. However, Appellant's notice of appeal was self-dated December 2, 2018. "Pursuant to the prisoner mailbox rule, we deem a document filed on the day it is placed in the hands of prison authorities for mailing." **Commonwealth v. Patterson**, 931 A.2d 710, 714 (Pa. Super. 2007) (citation omitted). Notably, Appellant's petition lacks a certificate of service or postmark and, as such, we cannot definitively determine when it was placed into the hands of prison officials. Nonetheless, due to the significant period of time between the date notated on Appellant's notice of appeal, and the date it was docketed, we decline to quash the appeal as untimely, as it is likely that Appellant placed his notice of appeal in the hands of prison authorities on or before December 17, 2018. **See id.** at 714 ("Although the record is bereft of the envelope in which the notice of appeal was mailed, and thus lacks a postmark definitively noting the date of mailing" it is, however, "likely that [a]ppellant mailed his notice of appeal on or before [the deadline]. Accordingly, we decline to quash the appeal for untimeliness"). Alternatively, we note that the PCRA court used First Class mail to send Appellant the dismissal order. This is contrary to Pa.R.Crim.P. 907(4) (explaining that if a judge dismisses a petition without a hearing, it shall "advise the defendant by certified mail, return receipt requested"). Accordingly, this failure may be considered a breakdown in the court system which excuses the untimely filing of the notice of appeal. **See Commonwealth v. Flowers**, 149 A.3d 867, 872 (Pa. Super. 2016); **Commonwealth v. Braykovich**, 664 A.2d 133, 136-138 (Pa. Super. 1995). As such, this Court has jurisdiction to hear the instant appeal under both theories.

[2] Appellant raises the following issues: (1) Was [] Appellant prejudiced by trial counsel and the Attorney General of Pennsylvania, by the failure to honor the negotiated agreement that Appellant satisfied? (2) Was the Attorney General of Pennsylvania authorized to approach counsel and Appellant and offer an agreement to have Appellant cooperate? (3) Did the [trial c]ourt abuse [its] discretion during sentencing by not honoring the previously established agreement by the Attorney General of Pennsylvania? Appellant's Brief at *2 (un-paginated).

timeliness of the underlying petition. Thus, we must first determine whether the instant PCRA petition was timely filed." *Commonwealth v. Smith*, 35 A.3d 766, 768 (Pa. Super. 2011), *appeal denied*, 53 A.3d 757 (Pa. 2012).

The timeliness requirement for PCRA petitions "is mandatory and jurisdictional in nature." *Commonwealth v. Taylor*, 67 A.3d 1245, 1248 (Pa. 2013) (citation omitted). A PCRA petition is timely if it is "filed within one year of the date the judgment [of sentence] becomes final." 42 Pa.C.S.A. §§ 9545(b)(1). "[A] judgment becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." 42 Pa.C.S.A. §§ 9545(b)(3). Here, Appellant's judgment of sentence became final on August 31, 2016, as Appellant failed to appeal his judgment of sentence to this Court. Hence, Appellant's August 9, 2018 petition is manifestly untimely. Therefore, unless one of the statutory exceptions to the time-bar applies, no court may exercise jurisdiction to consider this petition.

Pursuant to 42 Pa.C.S.A. §9545(b), there are three statutory exceptions to the timeliness provision that allow for very limited circumstances under which the late filing of a PCRA petition will be excused. To invoke an exception, a petitioner must allege and prove one of the following:

> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S.A. § 9545(b)(1)(i)-(iii).  If an exception applies, a PCRA petition may be considered if it is filed "within one year of the date the claim could have been presented."  42 Pa.C.S.A. § 9545(b)(2) (Effective December 24, 2018).  Notably, it is the appellant's burden to "allege and prove that one of the timeliness exceptions applies."  ***Commonwealth v. Edmiston***, 65 A.3d 339, 346 (Pa. 2013).

In this case, Appellant made no attempt to plead or prove that one of the above-mentioned exceptions to the PCRA time-bar applies. Indeed, Appellant's argument section in his brief consists of three sentences, none of which even mention one of the exceptions listed in 42 Pa.C.S.A. §9545(b).  As such, the PCRA court properly dismissed the PCRA petition for lack of jurisdiction.

Order affirmed.
Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/28/19

- 5 -