2016 PA Super 230

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| MICHAEL A. FLOWERS | |
| Appellant | No. 3 MDA 2016 |

Appeal from the Judgment of Sentence dated November 9, 2015
In the Court of Common Pleas of Lackawanna County
Criminal Division at No(s): CP-35-CR-0002248-2011

BEFORE: STABILE, J., SOLANO, J., and FITZGERALD, J.[*]

OPINION BY SOLANO, J.:                    **FILED OCTOBER 24, 2016**

Appellant, Michael A. Flowers, appeals from the judgment of sentence entered following the revocation of his placement in State Intermediate Punishment,[1] which was imposed after he pled guilty to four counts of theft by unlawful taking.[2] For the reasons that follow, we vacate Appellant's judgment of sentence and remand for re-sentencing.

The trial court summarized the factual and procedural history relevant to this case as follows: Under Docket No. CP-35-CR-0002248-2011, Appellant was charged with four counts of Theft by Unlawful Taking, in

---

[*] Former Justice specially assigned to the Superior Court.

[1] 61 Pa.C.S. §§ 4101-4109.

[2] 18 Pa.C.S. § 3921.

violation of 18 Pa. C.S. § 3921(a), and four counts of Receiving Stolen Property, in violation of 18 Pa.C.S. § 3925(a). These charges stemmed from a July 15, 2011 report to Scranton Police in which the victim stated that her son discovered a bag of her jewelry in Appellant's possession when Appellant was in the hospital. Upon further investigation, Scranton Police discovered additional jewelry owned by the victim that Appellant sold at a local pawn shop. Trial Court Opinion, 3/1/16, at 1-2.

On January 26, 2012, Appellant entered an open guilty plea to four counts of Theft by Unlawful Taking in the Lackawanna County Drug Treatment Court, which is designed to help certain illegal drug users receive treatment, achieve drug abstinence, and ultimately have their cases dismissed. At that time, the remaining charges against Appellant were withdrawn.

On October 1, 2013, Appellant was terminated from the Lackawanna County Treatment Court program, based upon the following violations:

| | |
|---|---|
| 5/9/2012: | Missed color [a drug testing requirement] and appointment with Tony Villano, sanction[ed] to one weekend in Lackawanna County prison. |
| 5/18/2012: | Admitted to using suboxone and heroin, placed in Lackawanna County prison, assessed for treatment. |
| 9/29/2012: | Missed color, week sanction. |

- 2 -

| 10/11/2012: | Tested positive for suboxone, placed in Lackawanna County prison. |
| --- | --- |
| 2/2/2013: | Tested positive for opiates at Salvation Army, placed in Lackawanna County prison, allowed re-entry to Salvation Army program on 2-25-13. |
| 6/26/2013: | [Appellant] caught stealing from Salvation Army, and admitted to doing so; placed in Lackawanna County prison. |

Trial Court Opinion, 3/1/16, at 2-3. Appellant's guilty plea was accepted and sentencing was deferred pending referral to the Department of Corrections for an evaluation and eligibility assessment to determine Appellant's potential suitability for State Intermediate Punishment (SIP), a two-year program designed to move offenders from confinement to in-patient treatment, then to supervised out-patient treatment, and ultimately to reintegration into the community. *Id.* at 3.

On May 13, 2014, the trial court received the Department of Corrections' recommendation that Appellant would benefit from the SIP program. Thereafter, on June 9, 2014, the court sentenced Appellant on Count One to two years in the SIP program. It sentenced him to two years' probation each on Counts Two, Three, and Four, to run consecutively, for an aggregate sentence of two years in SIP followed by six years' probation. The court also ordered restitution in the amount of $4,300.00. *Id*. at 3.

On September 18, 2015, the court received notice that Appellant had been expelled from the SIP program due to his failure to comply with administrative and disciplinary guidelines, including repeated violations regarding substance abuse during SIP. On November 9, 2015, the court resentenced Appellant as follows: 2-5 years' incarceration on Count One, 1-3 years' incarceration plus two years' probation on Count Two, 1-2 years' incarceration plus two years' probation on Count Three, and two years' probation on Count Four, for an aggregate sentence of 4-10 years' incarceration, followed by six years' probation. On November 18, 2015, Appellant filed a timely Motion for Reconsideration of Sentence, which the court denied by an order dated December 1, 2015, and entered on December 2, 2015. *Id.* at 3-4. On December 28, 2015, Appellant filed a Notice of Appeal to this Court.

On appeal, Appellant raises two sentencing issues for our review:

1. Whether the lower court failed to articulate sufficient reasons or any reasons for the sentences imposed?

2. Whether the sentences imposed by the lower court were excessive in light of all of the factors presented?

Appellant's Brief at 4. In an opinion, the sentencing court expressed the view that, in light of Appellant's termination from SIP for repeated drug use violations, the reasons for the sentences were clear and that it neither imposed an illegal sentence nor abused its discretion. Trial Court Opinion, 3/1/16, at 10-14.

# Jurisdiction

We begin by determining whether we have appellate jurisdiction. Appellant challenges the discretionary aspects of his sentence. Our jurisdiction to hear such a challenge is discretionary, and we may not exercise our discretion to review such an issue unless we first determine that: (1) the appeal is timely; (2) Appellant preserved his issue; (3) Appellant's brief includes a concise statement of the reasons relied upon for allowance of an appeal with respect to the discretionary aspects of his sentences, as required by Rule 2119(f) of the Pennsylvania Rules of Appellate Procedure; and (4) that concise statement raises a substantial question that the sentences were inappropriate under the Sentencing Code. *Commonwealth v. Colon*, 102 A.3d 1033, 1042-43 (Pa. Super. 2014).[3] If

---

[3] The third and fourth of these requirements arise because the General Assembly has provided that a challenge to the discretionary aspects of a sentence is not appealable as of right. *Commonwealth v. Edwards*, 71 A.3d 323, 330 (Pa. Super. 2013). Instead, to invoke this Court's power to review the discretionary aspects of a sentence, an appellant must petition the Court to exercise discretionary jurisdiction under Section 9781(b) of the Sentencing Code, 42 Pa. C.S. § 9781(b). Section 9781(b) provides: "The defendant or the Commonwealth may file a petition for allowance of appeal of the discretionary aspects of a sentence . . . to the appellate court that has initial jurisdiction for such appeals. Allowance of appeal may be granted at the discretion of the appellate court where it appears that there is a substantial question that the sentence imposed is not appropriate under this chapter." The Supreme Court of Pennsylvania has held that a notice of appeal operates as a petition for allowance of appeal under this section so long as the appellant's brief then includes a statement under Rule 2119(f) that sets forth sufficient reasons for this Court to exercise its discretionary

*(Footnote Continued Next Page)*

the appeal satisfies each of these prerequisites, we may accept it and proceed to the substantive merits of the case. *Id.*

The second, third, and fourth of these requirements are met here. Appellant preserved his sentencing challenge in his November 18, 2015 petition for reconsideration of sentence, and he included a separate Rule 2119(f) concise statement in his appellate brief. *See* Appellant's Brief at 9-10. In addition, Appellant has raised a substantial question for our review by asserting that the trial court failed to state adequate reasons on the record for Appellant's sentence. *See Commonwealth v. Oliver*, 693 A.2d 1342, 1347–48 (Pa. Super. 1997) (claim that sentencing court failed to state adequate reasons for sentence imposed presents substantial question regarding appropriateness of sentence).

The pivotal question, then, is whether Appellant filed a timely notice of appeal. Like most other appeals, an appeal from a sentence imposed after revocation of intermediate punishment must be filed within 30 days after imposition of the new sentence. *See* Pa. R. App. P. 903(a). In contrast to other sentencing situations in which the filing of a post-sentence motion extends the appeal period until after the motion has been decided, *see* Pa. R. Crim. P. 720(a)(2), the filing of a motion to modify a sentence imposed after revocation of parole or intermediate punishment does not toll the 30-

*(Footnote Continued)* ─────────────

jurisdiction. *See Commonwealth v. Tuladziecki*, 522 A.2d 17, 18-20 (Pa. 1987); *see also Commonwealth v. Gambal*, 561 A.2d 710 (Pa. 1988).

day appeal period. Pa. R. Crim. P. 708(E).[4] Here, Appellant was sentenced on November 9, 2015. He moved for reconsideration of his sentence on November 18, 2015, and the court denied that motion in an order dated December 1, 2015, which was stamped as entered on December 2, 2015. Appellant appealed on December 28, 2015, which was within 30 days of the order denying his motion for reconsideration, but more than 30 days from the November 9, 2015 order imposing Appellant's sentence. Accordingly, Appellant's appeal was untimely.

Appellant argues, however, that he filed his appeal late because the trial court provided him with incorrect information about the appeal deadline, and that his late filing therefore should be excused because the misinformation constituted a breakdown of the judicial process. **See** Appellant's Brief at 6-7, **citing Commonwealth v. Parlante**, 823 A.2d 927, 929 (Pa. Super. 2003), and **Commonwealth v. Coolbaugh**, 770 A.2d 788, 791 (Pa. Super. 2001). Notably, the Commonwealth agrees. **See**

---

[4] A note to Rule 708 provides:

> Under this rule, the mere filing of a motion to modify sentence does not affect the running of the 30-day period for filing a timely notice of appeal. Any appeal must be filed within the 30-day period unless the sentencing judge within 30 days of the imposition of sentence expressly grants reconsideration or vacates the sentence. **See Commonwealth v. Coleman**, 721 A.2d 798, 799, n.2 (Pa. Super. 1998). **See also** Pa.R.A.P. 1701(b)(3).

Commonwealth's Brief at 3. After careful review of the record, we also agree.

Rule 704(C)(3) of the Rules of Criminal Procedure provides that at the time of sentencing, the sentencing judge "shall determine on the record that the defendant has been advised of . . . the right to file a post-sentence motion and to appeal, *of the time within which the defendant must exercise those rights*, and of the right to assistance of counsel in the preparation of the motion and appeal. [Emphasis added.]" The transcript of the sentencing proceeding on November 9, 2015 discloses that the trial court did not provide Appellant with information about when he could appeal, but that the court instead presided while the following colloquy occurred between Appellant and his trial counsel:

| | |
|---|---|
| [DEFENSE COUNSEL]: | Michael, you have a right to file a reconsideration of sentence within 10 days if you're not satisfied with the sentence imposed. You also have 30 days— |
| [APPELLANT]: | How do I do that? |
| [DEFENSE COUNSEL]: | You can let me know and I can file that. You can do it in writing. |
| [APPELLANT]: | I'd like a reconsideration if possible. |
| [DEFENSE COUNSEL]: | Okay, and you also have a right to file an appeal within 30 days from the date of sentence *or from the disposition on the reconsideration*. |

| [APPELLANT]: | Okay. |
|---|---|
| [DEFENSE COUNSEL]: | Okay, I'll file that for you. |
| [APPELLANT]: | Yes.  Thank you. |

N.T., 11/9/15, at 3-4 (emphasis added).  Counsel's statement that Appellant could file his appeal "within 30 days . . . from the disposition on the [motion for] reconsideration" was erroneous, but the trial court did not correct that statement.  The court therefore did not assure that Appellant had been properly advised of the correct appeal deadline pursuant to Rule 704(C)(3).

Moreover, when the trial court denied Appellant's motion for reconsideration of his sentence in its December 1, 2015 order, the order stated, "You have the right to appeal this decision but you must do so within thirty (30) days of the date of this Order."  That statement in the court's order dated December 1, 2015 was erroneous.  The final order from which an appeal may be taken in a criminal case is the judgment of sentence, not an order disposing of a post-sentence motion.  **Commonwealth v. Harper**, 890 A.2d 1078, 1081 (Pa. Super. 2006).  Even when an order disposing of a post-sentence motion extends the 30-day appeal period under Criminal Rule 720, the appeal is still from the order imposing sentence, because a "direct appeal in a criminal proceeding lies from the judgment of sentence."  **See Commonwealth v. Preacher**, 827 A.2d 1235, 1236 n.1 (Pa. Super. 2003).  Here, under Rule 708(E), there was no extension of the 30 days.  The order's statement that Appellant could appeal within 30 days of its December 1, 2015 order was incorrect.

In **Parlante**, the trial court imposed a new sentence after revoking the defendant's parole, and, when doing so, told the defendant that she could appeal 30 days after denial of a post-sentence motion. 823 A.2d at 929. As a result, the defendant did not file her appeal until after her motion was denied, by which time more than 30 days had expired from the imposition of sentence. We declined to quash the appeal, explaining that the late appeal "resulted from the trial court's misstatement of the appeal period, which operated as a 'breakdown in the court's operation.'" **Id., quoting Coolbaugh**, 770 A.2d at 791. The same is true here. The trial court's error in failing to correct the erroneous information provided to Appellant at the time of sentencing, despite its obligation to assure that correct information was provided under Rule 704(C), coupled with the further error in the information provided in the court's December 1, 2015 order, constituted a "breakdown in the court's operation" that excuses Appellant's late filing of his appeal. We therefore decline to quash the appeal as untimely.

Because Appellant has met the threshold requirements for our exercise of jurisdiction, we accept the appeal and proceed to the merits.

### The Merits

Preliminarily, we recognize — as do the trial court and Commonwealth — that Appellant's SIP sentence was analogous to a sentence of probation. **See** Trial Court Opinion at 10; Commonwealth's Brief at 6 (both citing **Commonwealth v. Kuykendall**, 2 A.3d 559, 563-564 (Pa. Super. 2010)).

We review a sentence imposed following a revocation of probation for an error of law or an abuse of discretion. *Colon*, 102 A.3d at 1041. Accordingly, we apply that same standard in reviewing revocation of Appellant's SIP sentence. *See Kuykendall*, 2 A.3d at 563 (dictum).[5] "An abuse of discretion is not merely an error of judgment, but if in reaching a conclusion the law is overridden or misapplied or the judgment exercised is manifestly unreasonable, or the result of partiality, prejudice, bias, or ill will, as shown by the evidence or the record, discretion is abused." *Commonwealth v. Burns*, 988 A.2d 684, 689 (Pa. Super. 2009) (*en banc*) (quoted citations omitted).

As noted, SIP is a two-year program designed to benefit certain criminal offenders with drug and alcohol problems. Treatment in the program "is a privilege granted at the discretion of the sentencing court." *Kuykendall*, 2 A.3d at 565. During the two-year program, the sentenced individual progresses from incarceration to in-patient drug treatment, out-patient treatment and supervision, and, finally, reintegration into the

---

[5] The focus in *Kuykendall* was on whether revocation of SIP and subsequent resentencing implicate double jeopardy. We held that they did not, since the revocation is not a second punishment for the original conviction, but rather an integral element of the original conditional SIP sentence. The question in this case, concerning the effect of a sentencing court's violation of Criminal Rule 708(D)(2), requiring statement on the record of specific reasons for imposition of a revocation sentence, was not at issue in *Kuykendall* and does not appear to have yet been addressed in a published opinion.

community. 61 Pa.C.S. § 4105(b); *see Kuykendall*, 2 A.3d at 560.[6] The

program gives the Department of Corrections "maximum flexibility" to

_____

[6] Section 4105(b) provides:

> Notwithstanding any credit to which the defendant may be entitled under 42 Pa.C.S. § 9760 (relating to credit for time served), the duration of the drug offender treatment program shall be 24 months and shall include the following:
>
> (1) A period in a State correctional institution of not less than seven months. This period shall include:
>
> > (i) The time during which the defendants are being evaluated by the department under section 4104(b) (relating to referral to State intermediate punishment program).
>
> > (ii) Following evaluation under subparagraph (i), not less than four months shall be in an institutional therapeutic community.
>
> (2) A period of treatment in a community-based therapeutic community of at least two months.
>
> (3) A period of at least six-months' treatment through an outpatient addiction treatment facility. During the outpatient addiction treatment period of the drug offender treatment program, the participant may be housed in a community corrections center or group home or placed in an approved transitional residence. The participant must comply with any conditions established by the department regardless of where the participant resides during the outpatient addiction treatment portion of the drug offender treatment program.
>
> (4) A period of supervised reintegration into the community for the balance of the drug offender treatment program, during which the participant shall continue to be

*(Footnote Continued Next Page)*

"transfer a participant back and forth between less restrictive and more restrictive settings." 61 Pa.C.S. § 4105(c)(2).[7]

Under Section 4105(f)(3), "A participant may be expelled from the drug offender treatment program at any time in accordance with guidelines established by the department, including failure to comply with administrative or disciplinary procedures or requirements set forth by the department." 61 Pa. C.S. § 4105(f)(3). Section 9774 of the Sentencing Code provides that if a SIP participant is expelled, the trial court may revoke a participant's SIP sentence after a hearing. At that point, "the sentencing alternatives available to the court shall be the same as the alternatives available at the time of initial sentencing." 42 Pa.C.S. § 9774(c).

Appellant concedes that he was expelled from the SIP program. N.T., 11/9/15, at 2. He does not challenge the trial court's exercise of its discretion to revoke his participation in the program. *Cf. **Commonwealth v. Mazzetti**, 9 A.3d 228, 230 (Pa. Super. 2010) (revocation of parole is a*

*(Footnote Continued)* ——————————

> supervised by the department and comply with any conditions imposed by the department.

[7] Section 4105(c)(1) states: "Consistent with the minimum time requirements set forth in subsection (b), the department may transfer, at its discretion, a participant between a State correctional institution, an institutional therapeutic community, a community-based therapeutic community, an outpatient addiction treatment program and an approved transitional residence. The department may also transfer a participant back and forth between less restrictive and more restrictive settings based upon the participant's progress or regression in treatment or for medical, disciplinary or other administrative reasons."

matter committed to the sound discretion of the trial court, and that court's decision will not be disturbed on appeal in the absence of an error of law or an abuse of discretion). Instead, Appellant limits his challenge to the trial court's imposition of new sentences upon revocation of his SIP program participation. In particular, he asserts that the trial court abused its discretion when it failed to state its reasons for Appellant's sentences on the record in violation of Pennsylvania Rule of Criminal Procedure 708, which states, "[t]he judge shall state on the record the reasons for the sentence imposed." Pa.R.Crim.P. 708(D)(2).

Appellant notes that, although he was expelled from SIP, he did not commit a new crime. Nevertheless, he was given lengthy new sentences on each count which exceeded the benchmarks in the sentencing guidelines. He contends that his new sentences were "punishment for his failure to complete SIP." Appellant's Brief at 14. He argues:

> The Appellant suffers from drug addiction issues. He asserts that to impose lengthier sentences upon being expelled from SIP than what was originally imposed is a punishment for his failure to complete the program. He contends that the new sentences were not warranted by the facts surrounding the violations or by the necessity to protect the public. He maintains that the sentences imposed are inconsistent with the sentencing guidelines, contrary to the fundamental norms of the sentencing process and fail to consider his personal life situation.

*Id.* at 14-15. Appellant asserts that there is nothing in the record from his sentencing proceeding to allow him to determine whether the sentences were based upon accurate, sufficient, and proper information, and he argues

that the current record is not sufficient for this Court to determine whether the trial court abused its discretion when it imposed the sentences. He therefore asks that this matter be remanded for the trial court to conduct an appropriate review of the facts surrounding his participation in the SIP program; determine the nature and circumstances of his violations, his participation history, and the levels of the program he completed; and set forth the findings upon which his new sentences were based. Appellant's Brief at 11-12.

In response, the Commonwealth acknowledges that the trial court is required to articulate sufficient reasons on the record for a sentence imposed, but avers that the trial court in this instance gave "adequate" reasons for its sentences by referencing Appellant's violation of his SIP sentence. The Commonwealth also refers to the trial court's Rule 1925(a) opinion, in which the court explained its reasons for having imposed the sentences at issue. Commonwealth's Brief at 5-7. In that Rule 1925(a) opinion, the trial court acknowledged the mandate to state on the record the reasons for the sentences imposed and maintained that it satisfied the requirement to do so. Trial Court Opinion, 3/1/16, at 9. The trial court explained:

> This Court was informed of both the sentencing guidelines and . . . Memoranda and Recommendations of the Lackawanna County Adult Probation and Parole Department. Moreover, for the instant matter, the Appellant was before the Court for sentencing following his termination from State Intermediate Punishment, the

sentence he received after his termination from the Lackawanna County Drug Treatment Court Program. The violation is clearly the reason for the revocation and sentence. Moreover, Appellant has been before this Court and under its supervision for a considerable length of time. In addition to this Court's observations, the record is replete with information regarding the Appellant's character and history. Furthermore, Appellant was terminated for violations in both Treatment Court and State Intermediate Punishment, demonstrating Appellant's disrespect for this Court's authority and the repeated assistance that has been provided.

*Id.* at 10.

The Sentencing Code governs this issue. The Code provides that upon revocation of SIP, a sentencing court has the same sentencing alternatives that were available to it at the time of initial sentencing. 42 Pa.C.S. § 9774(c). But the Code also mandates that when an offender is resentenced following revocation of State Intermediate Punishment, the court shall "make as a part of the record, and disclose in open court at the time of sentencing, a statement of the reason or reasons for the sentence imposed." *See Commonwealth v. Cartrette*, 83 A.3d 1030, 1041 (Pa. Super. 2013) (*en banc*) (quoting 42 Pa. C.S. § 9721(b)).[8] Appellant's drug treatment

---

[8] Section 9721(b) provides: "In every case in which the court imposes a sentence for a felony or misdemeanor, modifies a sentence, resentences an offender following revocation of probation, county intermediate punishment or State intermediate punishment or resentences following remand, the court shall make as a part of the record, and disclose in open court at the time of sentencing, a statement of the reason or reasons for the sentence imposed. . . . Failure to comply shall be grounds for vacating the sentence or resentence and resentencing the defendant."

program was a State Intermediate Punishment program, 61 Pa. C.S. § 4105(a), and this Code requirement therefore is directly applicable here. Failure to comply with it "shall be grounds for vacating the sentence or resentence and resentencing the defendant." *Cartrette*, 83 A.3d at 1041; *see also Commonwealth v. Rudy*, 450 A.2d 102 (Pa. Super. 1982) (in the absence of an explanation, remand for re-sentencing and articulation of the reasons for a new sentence imposed after the revocation is warranted).

Insofar as is relevant here, the requirement that a trial court explain its sentence under Section 9721 and corresponding Criminal Rule 708 has two components. First, the court must state its reasons on the record at the time the sentence is imposed. *See Commonwealth v. Riggins*, 377 A.2d 140, 143 (Pa. 1977); *Commonwealth v. Beasley*, 570 A.2d 1336, 1338 (Pa. Super. 1990) ("A sentencing court has a statutory duty to disclose in open court at the time of sentencing a statement of reasons for the sentence imposed"). Requiring the sentencing court to state its reasons at that time provides a procedural mechanism for the aggrieved party both to attempt to rebut the court's explanation and inclination before the sentencing proceeding ends, and to identify and frame substantive claims for post-sentence motions or appeal. *Commonwealth v. Reaves*, 923 A.2d 1119, 1129 (Pa. 2007). Therefore, contrary to the Commonwealth's suggestion in this case, it is not sufficient for the trial court to state its reasons in a post-sentence Rule 1925(a) opinion. *See Commonwealth v. Giles*, 449 A.2d

641 (Pa. Super. 1982) (rejecting argument that the failure to state reasons at the time of sentencing can be remedied by stating them in a later opinion); *see also Commonwealth v. Harris*, 457 A.2d 572, 574-575 (Pa. Super. 1983). The reasons must be given "in open court at the time of sentencing." 42 Pa. C.S. § 9721(b).

Second, although "[a] sentencing court need not undertake a lengthy discourse for its reasons for imposing a sentence, . . . the record as a whole must reflect the sentencing court's consideration of the facts of the crime and character of the offender." *Commonwealth v. Crump*, 995 A.2d 1280, 1283 (Pa. Super. 2010). A "discourse on the court's sentencing philosophy, as it applies to the defendant before it, is not required." *Commonwealth v. Hill*, 629 A.2d 949, 953 (Pa. Super. 1993). But "the reasons must reflect the judge's consideration of the sentencing code, the circumstances of the offense and the character of the offender." *Beasley*, 570 A.2d at 1338; *see also Hill*, 629 A.2d at 953 ("Simply put, the sentencing judge must state his or her reasons for the sentence imposed").

Mindful of these precepts, we turn to the record before us. The notes of testimony from the November 9, 2015 SIP revocation hearing read as follows:

| | |
|---|---|
| THE COURT: | Mr. Flowers? Hello? |
| [APPELLANT]: | Hello, Your Honor, Michael Flowers. |
| THE COURT: | Michael, how are you? |

| | |
|---|---|
| [APPELLANT]: | I'm well. I've been better. |
| THE COURT: | Okay, I received back a letter from the Department of Corrections indicating that you have been terminated from the program. |
| [APPELLANT]: | Yes, sir. |
| THE COURT: | Attorney [for Appellant]? |
| [DEFENSE COUNSEL]: | Judge, I reviewed the file and it appears to me that [Appellant's] prior record score is rather low. The standard ranges for each offense would be RS to 1. He does have 1278 days credit for this offense. He is ready to max out in December, so I would just ask for time served. |
| THE COURT: | [Appellant], anything you'd like to say before I impose sentence? |
| [APPELLANT]: | Your Honor, the last four years of my life I've been on two different programs, I've learned a lot about myself. I've learned a lot about addiction. You know, I know that I'm a good person, I just have a bad problem. Really I just want to thank you for the opportunities that you've given me. I know that I haven't really shown through them [*sic*], but I have learned a lot. So it wasn't a complete waste. |
| THE COURT: | All right, Michael. In regard to 11 CR 2248, Count 1, the court will be sentencing you to two to five years on Count 1. One to three years plus two years' |

> probation on Count 2. Count 3, one to two years plus two years' probation; and on Count four, two years' probation. That will be an aggregate of 4 to 10 years plus 6 years' probation.
>
> You must follow through on all your aftercare programs and everything required on parole. Thank you. [Defense Counsel?]

N.T., 11/9/15, at 2-3. Thereafter followed the colloquy between Appellant and defense counsel about post-trial proceedings that is quoted earlier in this opinion.

The notes of testimony show that at the time of sentencing, the trial court failed to state "on the record the reasons for the sentence imposed," in contravention of Section 9721(b) of the Sentencing Code and Criminal Rule 708(D)(2). The court may have believed that its reasons seemed apparent, and we note that defense counsel did not object. Nevertheless, the court's failure to comply with the requirements set forth in the rule and statute at issue is reversible error. Accordingly, we are constrained to remand this matter to the trial court for re-sentencing, at which time the court shall comply with Criminal Rule 708(D)(2) and articulate adequate reasons for the new sentence. Because our disposition renders Appellant's second issue, in which he asserts that his sentence is excessive, as yet unripe, we decline to address it.

Judgment of sentence vacated. Case remanded for re-sentencing and articulation of the reasons for the sentence imposed. Jurisdiction relinquished.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 10/24/2016