J-S28034-19
J-S28035-19
J-S28036-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| TIMOTHY ALLEN COHICK | : | |
| | : | |
| Appellant | : | No. 927 MDA 2018 |
| | : | |
| | : | |

Appeal from the Judgment of Sentence May 16, 2018
In the Court of Common Pleas of Lycoming County Criminal Division at
No(s):  CP-41-CR-0000662-2017,
CP-41-CR-0001350-2017, CP-41-CR-0001929-2017

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| TIMOTHY ALLEN COHICK | : | |
| | : | |
| Appellant | : | No. 1497 MDA 2018 |
| | : | |
| | : | |

Appeal from the Judgment of Sentence May 16, 2018
in the Court of Common Pleas of Lycoming County
Criminal Division at No(s): CP-41-CR-0000662-2017

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| TIMOTHY ALLEN COHICK | : | |
| | : | |
| Appellant | : | No. 1506 MDA 2018 |
| | : | |
| | : | |

Appeal from the Judgment of Sentence May 16, 2018
in the Court of Common Pleas of Lycoming County
Criminal Division at No(s): CP-41-CR-0001350-2017

BEFORE:   BOWES, J., McLAUGHLIN, J., and STRASSBURGER*, J.

*   Retired Senior Judge assigned to the Superior Court.

J-S28034-19
J-S28035-19
J-S28036-19

CONCURRING MEMORANDUM BY BOWES, J.:  **FILED SEPTEMBER 13, 2019**

As my learned colleagues faithfully apply precedent in disposing of this appeal, I join the Majority Memorandum.  I write separately to note my belief that, if Appellant was informed that he could obtain appellate review of his judgment of sentence by filing "an" appeal, or "a" notice of appeal when he was advised of his appellate rights pursuant to Pa.R.Crim.P. 708(D)(3), such would warrant a finding of a breakdown of court processes excusing his lack of compliance with *Commonwealth v. Walker*, 185 A.3d 969 (Pa. 2018), and its progeny.  *Accord Commonwealth v. Flowers*, 149 A.3d 867, 872 (Pa.Super. 2016) (holding breakdown in court operation granted this Court jurisdiction over untimely appeal where trial court failed to correct counsel's misstatement about deadline for filing appeal and incorrectly provided that the appellant had an additional thirty days to appeal from order denying motion for reconsideration of sentence imposed upon revocation of intermediate punishment); *Commonwealth v. Parlante*, 823 A.2d 927, 929 (Pa.Super. 2003) ("[W]e decline to quash this appeal because [the late appeal] resulted from the trial court's misstatement of the appeal period, which operated as a breakdown in the court's operation.") (quotation marks omitted); *Commonwealth v. Coolbaugh*, 770 A.2d 788, 791 (Pa.Super. 2001) (same).

However, I am unable to discern from the record in the instant case whether such a breakdown occurred because the transcript from Appellant's

- 2 -

resentencing was not ordered or included in the certified record. Since Appellant bore the burden of securing all necessary documents for the certified record, the absence of proof that no breakdown occurred here does not warrant relief.[1]

Therefore, I join the Majority Memorandum.

---

[1] In light of the missing transcript, if this Court had jurisdiction over this appeal, the result would be the denial of counsel's petition to withdraw and remand for the completion of the record and the filing of a new brief. ***See Commonwealth v. Flowers***, 113 A.3d 1246, 1250 (Pa.Super. 2015) (denying petition to withdraw and remanding for counsel to obtain missing notes of testimony).