J-S15020-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| Appellant | : | |
| | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| DONALD M. THOMAS, JR. | : | No. 1221 WDA 2019 |

Appeal from the Order Entered July 10, 2019
In the Court of Common Pleas of Beaver County Criminal Division at
No(s): CP-04-CR-0002270-2017

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| DONALD M. THOMAS, JR. | : | |
| | : | |
| Appellant | : | No. 1250 WDA 2019 |

Appeal from the Judgment of Sentence Entered March 26, 2019
In the Court of Common Pleas of Beaver County Criminal Division at
No(s): CP-04-CR-0002270-2017

BEFORE:   BENDER, P.J.E., OLSON, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY OLSON, J.:                    **FILED APRIL 14, 2020**

This is a cross-appeal from the judgment of sentence entered on March

26, 2019, following Donald M. Thomas, Jr.'s ("Thomas") jury trial convictions

_____

[*] Former Justice specially assigned to the Superior Court.

for aggravated arson,[1] arson endangering persons,[2] arson endangering property,[3] criminal mischief,[4] risking a catastrophe,[5] recklessly endangering another person ("REAP"),[6] and simple assault.[7]  Upon review, we affirm Thomas's convictions, but we are constrained to vacate the judgment of sentence and remand for resentencing.

The trial court accurately summarized the facts and procedural history of this case as follows.

> At approximately 2:08 [a.m.] on July 21, 2017, Patrolman Kevin Reese of the Rochester Borough Police Department was dispatched to 225 West Madison Street[, Rochester, Pennsylvania] for a report of a structure fire; multiple officers responded.  Upon their arrival[,] the officers observed [that all of] the residents of the structure had evacuated except for two individuals[, Jim Hubler and Debbie Garret,] who were stranded on the front porch roof yelling for help.  The officers [helped] the two off of the roof; however, [Debbie Garret] was injured in the process and complained of rib pain.
>
> Multiple fire departments responded to the blaze, and in the process of fighting the fire, two firefighters were injured and a ladder truck was damaged.

---

[1] 18 Pa.C.S.A. § 3301(a.1).

[2] 18 Pa.C.S.A. § 3301(a).

[3] 18 Pa.C.S.A. § 3301(c).

[4] 18 Pa.C.S.A. § 3304.

[5] 18 Pa.C.S.A. § 3302(b).

[6] 18 Pa.C.S.A. § 2705.

[7] 18 Pa.C.S.A. § 2701.

After the fire [was] extinguished, Deputy Fire Marshall, Trooper Luke Nelson[] of the Pennsylvania State Police[,] investigated the cause of the fire[.] [He] preliminar[ily] conclu[ded] [] that the fire was likely incendiary in nature.

Through their [subsequent] investigation . . . the Rochester Police learned that Tanasia Kirk, Andre Goosby, and Drevon Goosby all resided at the 225 West Madison Street location on the second floor. Peggy Kirk, Tanasia Kirk's mother, [] also resid[ed] there on an intermittent basis. [Further investigation revealed] that Peggy Kirk's ex-boyfriend, [Thomas], [] recently threatened to burn her belongings and [previously] sent [Peggy Kirk] a picture via text message of [her] belongings on a barbecue grill.

Given this information, the Rochester Police interviewed [Thomas] on August 24, 2017[,] at the police station. During the interview, [Thomas admitted] to threatening [Peggy] Kirk and sending the photograph, but he denied any involvement in setting the fire and claimed he was at home in Beaver Falls[, Pennsylvania] that night.

On September 14, 2017, a search warrant was served on [Thomas's] cell[ular] [tele]phone carrier, T-Mobile, for [Thomas's] cell[ular] [tele]phone data. The location data of [Thomas's] cell[ular] [tele]phone revealed that he was not in Beaver Falls prior to the fire. This information prompted another interview of [Thomas].

On October 28, 2017, [Thomas] was again interviewed. In the interview, [Thomas] admitted to setting the fire. [Thomas] told the interviewers that he and [Peggy] Kirk [were] fighting and he went to the residence, found a gas can outside, entered the residence and poured gas inside and [set the fire]. [Thomas admitted] the same in a written statement, which he signed. Following his confession, [Thomas] was charged on November [9], 2017, with multiple counts of [a]rson, among other related charges.

[On March 15, 2018, Thomas filed an omnibus pre-trial motion seeking] to have his confession suppressed[.] [He claimed that his statement was the] product of undue coercion. Following a hearing [on April 3, 2018, the trial court denied Thomas's motion on April 5, 2018.]

At trial, the Commonwealth introduced [testimony and] evidence from the charging officer, [Patrolman Keven Reese,] the Fire Marshal[, Trooper Luke Nelson], the residents of the

- 3 -

structure — significantly, [Andre] Goosby, Tanasia Kirk, and Peggy Kirk — and [Detective] Patrick Young of the Beaver County Detective[s'] office who performed the location data analysis on [Thomas's] cell[ular] [tele]phone.

Through their testimony, the Commonwealth put forth evidence that the fire was intentionally set, that [Thomas] was in the general vicinity of the residence around the time the fire started, [that Thomas] was fighting with one of the residents and threatened to burn her belongings, and [that Thomas] confessed to setting the fire.

[Thomas] also testified at trial. He denied starting the fire and claimed . . . that [his] confession was obtained through coercion. When asked about his location data that placed him in the vicinity of the fire[,] he claimed [that] he was [] driven to a storage unit by a friend [] after playing pool in New Brighton[, Pennsylvania].

Trial Court Opinion, 10/4/19, at 1-3.

On January 11, 2019, the jury convicted Thomas of the aforementioned crimes. On March 26, 2019, the trial court sentenced Thomas to 22 to 50 years' incarceration. Thomas filed a post-sentence motion on March 27, 2019, and a supplemental post-sentence motion on April 2, 2019, which requested that the trial court reconsider his sentence. The trial court held a hearing on the post-sentence motion on June 25, 2019. Thereafter, on July 10, 2019, the trial court issued an order modifying Thomas's sentence to 14 ½ to 35 years' incarceration. Trial Court Order, 7/10/19, at 1. The trial court denied all other matters raised in Thomas's post-sentence motion. **Id.**

Both Thomas and the Commonwealth filed notices of appeal on August 8, 2019. On August 12, 2019, the trial court issued an order directing the Commonwealth to file a concise statement of matters complained of on appeal pursuant to Pa.R.A.P. 1925(b). **See** Trial Court Opinion, 10/4/19, at 6, n. 17.

Similarly, on August 15, 2019, the trial court issued an order instructing Thomas to file a 1925(b) statement. The parties timely complied. The trial court issued an opinion pursuant to Pa.R.A.P. 1925(a) on October 4, 2019. Ultimately, this Court consolidated Thomas's and the Commonwealth's appeals. Order, 1/2/2020, at 1.

Thomas raises the following issues on appeal:[8]

I. Whether [Thomas's] conviction[s] should be reversed because the Commonwealth failed to present sufficient evidence to prove beyond a reasonable doubt that [Thomas] was guilty of the crimes[?]

II. Whether [Thomas's] conviction[s], assuming that sufficient evidence [was] presented, should be reversed because the guilty verdict rendered contradicts the weight of the evidence presented by the Commonwealth at trial[?]

III. Whether the trial court erred in the denial of [Thomas's] suppression motion[?]

Thomas's Brief at 8.

The Commonwealth raises the following issue on appeal:

Whether the [s]entencing [c]ourt abused its discretion by changing a 22 to 50 year sentence to 14 ½ to 35 years without justification and in violation of 42 Pa.C.S.A. § 9721(b) and Pa.R.Crim.P. 704(C)(2)?

Commonwealth's Brief at 4.

We first address Thomas's appellate issues. In his first issue, Thomas argues that the Commonwealth presented insufficient evidence to support his

_____

[8] We have altered the order of Thomas's issues for clarity and ease of discussion. **See** Thomas's Brief at 8.

various convictions. Thomas's Brief at 10-14. Essentially, Thomas claims that the Commonwealth did not present "direct physical or testimonial evidence" that "placed [Thomas] at the scene of the [crimes]" and, as such, he is entitled to relief.[9] *Id.* at 13. We disagree.

Our standard of review regarding the sufficiency of the evidence is as follows:

> The standard we apply in reviewing the sufficiency of evidence is whether, viewing all the evidence admitted at trial in the light most favorable to the verdict winner, there is sufficient evidence to enable the fact[-]finder to find every element of the crime beyond a reasonable doubt. In applying the above test, we may not weigh the evidence and substitute our judgment for that of the fact-finder. In addition, we note that the facts and circumstances established by the Commonwealth may not preclude every possibility of innocence. Any doubts regarding a defendant's guilt may be resolved by the fact-finder unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances. The Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by means of wholly circumstantial evidence. Moreover, in applying the above test, the entire record must be evaluated and all

---

[9] Ordinarily, when challenging the sufficiency of the evidence on appeal, an appellant waives his claims when he fails to specify which elements of each of the individual crimes were not sufficiently proven. *See Commonwealth v. Gibbs*, 981 A.2d 274, 281 (Pa. Super. 2009) ("[W]hen challenging the sufficiency of the evidence on appeal, the [a]ppellant's 1925 statement must 'specify the element or elements upon which the evidence was insufficient' in order to preserve the issue for appeal.") (citation omitted). In both his 1925(b) statement and his issue presented on appeal, as set forth above, Thomas did not specify what elements were not established and generally challenged all of his convictions. Accordingly, we could find this issue waived. Herein, however, Thomas's sufficiency challenge is based upon his claim that the Commonwealth failed to establish that he was, in fact, the perpetrator of the various crimes. Accordingly, we decline to find this issue waived due to lack of preservation for appeal.

evidence actually received must be considered. Finally, the trier of fact while passing upon the credibility of witnesses and the weight of the evidence produced, is free to believe all, part or none of the evidence.

*Commonwealth v. Lambert*, 795 A.2d 1010, 1014–1015 (Pa. Super. 2002) (citations omitted).

Herein, the evidence, when viewed in the light most favorable to the Commonwealth, demonstrated that Thomas went to the residential building and started the fire. First, Peggy Kirk testified and explained that she and Thomas were romantically involved, but that she ended the relationship in June 2017. N.T. Trial, 1/8/19, at 62. After ending the relationship, Kirk explained that Thomas engaged in violent behavior toward her, especially after he witnessed her spending time with another man. *Id*. at 62 and 65. Kirk then testified about a text message she received from Thomas in which he sent a picture of her belongings on a grill and threatened to set it on fire. *Id*. at 66. Next, Detective Young testified as an expert in cellular telephone technology. During his testimony, he provided a "detailed analysis of the location data[,] conclusions of location[,] and possible routes of travel that placed [Thomas] in the area [of the residential building] at or around the time of the fire." Trial Court Opinion, 10/4/19, at 10, n. 22; *see also* N.T. Trial, 1/9/19, at 60-75.

Lastly, Detective Jeffrey Lizzi of the Rochester Borough Police testified at Thomas's trial. Detective Lizzi explained that on October 27, 2018, Thomas

confessed and provided a written statement, admitting that he started the fire. Specifically, Detective Lizzi stated:

> In speaking to [] Thomas[,] he advised me that he went to the [residential] building that evening, [that he] was fighting with Peggy Kirk[.] [Thomas stated that when h]e [went to the residential building, h]e [] found [a] gasoline [can] along the neighbor's house, took the gasoline can, brought it into the [residence,] poured it onto the floor, on the stairs, threw a cigarette on there, [but it did not] light[, so] he used a match and it ignited.

N.T. Trial, 1/9/19, at 85. Trooper Luke Nelson, a Deputy Fire Marshal who testified as an expert in fire investigation during Thomas's trial, confirmed that Thomas's description of the fire "100 percent correlated with the evidence [he] saw at the scene on the morning of the fire." *Id*. at 101. Based upon the foregoing, we conclude that there was sufficient evidence to sustain Thomas's convictions.

Next, Thomas claims that his convictions were against the weight of the evidence. Thomas, however, failed to challenge the weight of the evidence in an oral or written motion prior to sentencing or in his post-sentence motion. *See Commonwealth v. Bryant*, 57 A.3d 191, 196–97 (Pa. Super. 2012) (explaining that the "[f]ailure to challenge the weight of the evidence presented at trial in an oral or written motion prior to sentencing or in a post-sentence motion will result in waiver of the claim."). Furthermore, in support of his claim on appeal, Thomas simply states that he "testified [o]n his own behalf that he had nothing to do with these crimes." Thomas's Brief at 19. Thomas offers no further argument. *See Commonwealth v. Plante*,

914 A.2d 916, 924 (Pa. Super. 2006) (explaining that the "failure to develop an argument with citation to, and analysis of, relevant authority waives the issue on review.") (citation omitted). Due to the aforementioned deficiencies, we conclude that Thomas waived this issue on appeal.[10]

Lastly, Thomas contends that the trial court erred in denying his motion to suppress. Specifically, Thomas claims that his confession was made "under duress" and was a product of the officer's "coercion." Thomas's Brief at 16. Thomas, however, failed to include this argument in his concise statement. As such, this claim is also waived. **See** Pa.R.A.P. 1925(b)(4)(vii).

We now address the Commonwealth's claim that the trial court erred in modifying Thomas's sentence. Per the Commonwealth, the trial court abused its discretion because it failed to state its reasons for modifying Thomas's sentence on the record and, as such, violated both 42 Pa.C.S.A. § 9721(b)

---

[10] Even if not waived, we would conclude that the jury's verdict was not against the weight of the evidence. The trial court explained:

> The Commonwealth presented extensive circumstantial evidence proving [Thomas's] guilt[.] While there was no eyewitness testimony that placed [Thomas] at the scene, there was extensive testimony regarding [Thomas's] motive and opportunity. Additionally, and most significantly, in this case [Thomas's] signed confession was admitted into evidence. [Thomas] did testify that he made that statement under duress, but the jurors apparently did not find [Thomas] credible in that assertion.

Trial Court Opinion, 10/4/19, at 13. As the trier of fact, the jury was "free to believe all, part, or none of the evidence and to determine the credibility of the witnesses." **Commonwealth v. McCloskey**, 835 A.2d 801, 809 (Pa. Super. 2003). Accordingly, based upon our standard of review, we conclude that the jury's verdict was not against the weight of the evidence.

and Pa.R.Crim.P. 704(C)(2). This claim implicates the discretionary aspects of sentencing, which is not appealable as of right. Rather, an appellant challenging the sentencing court's discretion must invoke this Court's jurisdiction by satisfying a four-part test. *See Commonwealth v. Leatherby*, 116 A.3d 73, 83 (Pa. Super. 2015).

> [W]e conduct a four-part analysis to determine: (1) whether appellant has filed a timely notice of appeal, *see* Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, *see* Pa.R.Crim.P. [720]; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.A. § 9781(b).

*Commonwealth v. Moury*, 992 A.2d 162, 170 (Pa. Super. 2010) (citation omitted; brackets in original). "If the appeal satisfies each of these prerequisites, we may accept it and proceed to the substantive merits of the case." *Commonwealth v. Flowers*, 149 A.3d 867, 870–871 (Pa. Super. 2016).

Herein, the Commonwealth preserved its challenge at the sentencing hearing as well as the June 25, 2019 hearing on Thomas's post-sentence motion, filed a timely notice of appeal, and included a Rule 2119(f) statement in its appellate brief. *See* Pa.R.Crim.P. 721(A)(2) ("Sentencing issues raised by the Commonwealth at the sentencing proceeding shall be deemed preserved for appeal whether or not the Commonwealth elects to file a motion to modify sentence on those issues."); *see also* Pa.R.Crim.P. 721(B)(2)(a)(i).

- 10 -

Moreover, an allegation that the trial court failed to offer specific reasons for a sentence raises a substantial question. *See Commonwealth v. Dunphy*, 20 A.3d 1215, 1222 (Pa. Super. 2011). As such, the Commonwealth met the "threshold requirements" that enable us to exercise jurisdiction and we may "accept the appeal and proceed to the merits." *Flowers*, 149 A.3d at 872.

Our standard of review in sentencing matters is well-settled:

> Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. In this context, an abuse of discretion is not shown merely by an error in judgment. Rather, the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision.

*Commonwealth v. Garcia-Rivera*, 983 A.2d 777, 780 (Pa. Super. 2009) (citation omitted).

Section 9721(b) of the Sentencing Code requires a trial court, "[i]n every case," to "make as a part of the record, and disclose in open court at the time of sentencing, a statement of the reason or reasons for the sentence imposed." 42 Pa.C.S.A. § 9721(b). Notably, this applies when a court modifies an individual's sentence. *Id.* As this Court previously explained:

> Requiring the sentencing court to state its reasons at that time provides a procedural mechanism for the aggrieved party both to attempt to rebut the court's explanation and inclination before the sentencing proceeding ends, and to identify and frame substantive claims for post-sentence motions or appeal. Therefore, [] it is not sufficient for the trial court to state its reasons in a post-sentence Rule 1925(a) opinion. The reasons must be given "in open court at the time of sentencing." 42 Pa. C.S. § 9721(b).

> [...A]lthough a sentencing court need not undertake a lengthy discourse for its reasons for imposing a sentence, ... the record as a whole must reflect the sentencing court's consideration of the facts of the crime and character of the offender. A discourse on the court's sentencing philosophy, as it applies to the defendant before it, is not required. [...T]he reasons must reflect the judge's consideration of the sentencing code, the circumstances of the offense and the character of the offender.

*Flowers*, 149 A.3d at 875–876 (Pa. Super. 2016) (case citations, original brackets, and most quotations omitted).

Here, upon review of the certified record, the trial court did not place its reasons for modifying Thomas's sentence on the record. The trial court held a hearing on Thomas's post-sentence motion on June 25, 2019. At the hearing, Thomas requested the court to run his sentence for aggravated arson concurrently with his sentence for arson. N.T. Post-Sentence Motion Hearing, 6/25/19, at 5-6. In response, the court stated that it would take "this matter under advisement." *Id*. at 17. Subsequently, on July 10, 2019, the trial court issued an order modifying Thomas's sentence. The trial court provided the following explanation:

> Following review of all matters of record, and with consideration for the factors set forth in 42 Pa.C.S.[A.] §9721(b), the [trial c]ourt has determined that 14 ½ years to 35 years of incarceration is an appropriate aggregate sentence.

Trial Court Order, 7/10/19, at 1. Hence, the trial court abused its discretion by failing to state its reasons for the modification of Thomas's sentence on the record. Accordingly, we affirm Thomas's convictions, but are constrained to vacate Thomas's judgment of sentence and remand for resentencing.

Convictions affirmed.  Judgment of sentence vacated.  Case remanded for resentencing.  Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date:  4/14/2020