J-S27025-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JOHN LEE | : | |
| | : | |
| Appellant | : | No. 2028 EDA 2021 |

Appeal from the Judgment of Sentence Entered March 22, 2018
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-1111421-2001

BEFORE:  STABILE, J., NICHOLS, J., and SULLIVAN, J.

MEMORANDUM BY NICHOLS, J.:                **FILED SEPTEMBER 20, 2022**

Appellant John Lee appeals *nunc pro tunc* from the judgment of sentence imposed following the revocation of his probation.  We reverse and remand for resentencing.

On May 27, 2004, Appellant pled *nolo contendere* to rape and corruption of minors.[1]  On May 4, 2005, the trial court sentenced Appellant to an aggregate term of five to ten years' incarceration followed by fifteen years' probation.[2]  Appellant's probation was subsequently revoked several times. Most recently, on March 22, 2018, the trial court revoked Appellant's probation and resentenced him to an aggregate term of seven-and-a-half to fifteen

---

[1] 18 Pa.C.S. §§ 3121 and 6301, respectively.

[2] Specifically, the trial court sentenced Appellant to five to ten years' incarceration followed by ten years' probation for rape and imposed a consecutive term of five years' probation for corruption of minors.

years' incarceration.[3]   Appellant filed a timely post-sentence motion requesting reconsideration of the sentence.[4]   Appellant did not file a direct appeal.

Appellant then filed a *pro se* petition pursuant to the Post Conviction Relief Act (PCRA)[5] on November 27, 2019.  On August 30, 2021, the PCRA court, concluding that Appellant had established the government interference exception to the PCRA's one-year time-bar,[6] granted Appellant's petition and reinstated Appellant's direct appeal rights *nunc pro tunc*.

Appellant filed a timely notice of appeal *nunc pro tunc* on September 2, 2021.  The trial court did not order Appellant to file a concise statement of errors complained of on appeal under Pa.R.A.P. 1925(b), and Appellant did not file one.  The trial court filed a Rule 1925(a) opinion conceding that it failed to adequately explain its reasons for imposing Appellant's sentence.

On appeal, Appellant raises the following issue:

> The sentencing court abused its discretion when it sentenced [Appellant] to an excessively [] harsh sentence with inadequate

---

[3] Specifically, the trial court resentenced Appellant to five to ten years' incarceration for rape and a consecutive term of two-and-a-half to five years' incarceration for corruption of minors.

[4] An order ruling on Appellant's post-sentence motion does not appear on the trial court docket or in the certified record.  Because a timely post-sentence motion following the revocation of probation does not toll the appeal period, the trial court's failure to rule on this motion does not affect the finality of the judgment of sentence.  **See** Pa.R.Crim.P. 708(E).

[5] 42 Pa.C.S. §§ 9541-9546.

[6] 42 Pa.C.S. § 9545(b)(1)(i).

reasons on the record as required by . . . 42 Pa.C.S. § 9721 and case law.

Appellant's Brief at 8.

Appellant argues that the trial court erred by failing to state its reasons for imposing the instant sentence of seven-and-a-half to fifteen years' incarceration on the record. *Id.* at 15-16. Appellant also contends that the trial court imposed a manifestly excessive sentence for a technical violation of probation without considering mitigating factors. *Id.* at 15-17.

The Commonwealth "concurs [that the trial court failed to provide sufficient reasons for its sentence] and does not oppose a remand for resentencing so the court may properly consider the relevant factors." Commonwealth's Brief at 6.

It is well settled that

challenges to the discretionary aspects of sentencing do not entitle an appellant to review as of right. An appellant challenging the discretionary aspects of his sentence must invoke this Court's jurisdiction by satisfying a four-part test:

We conduct a four-part analysis to determine: (1) whether appellant has filed a timely notice of appeal, *see* Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, *see* Pa.R.Crim.P. [708]; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S. § 9781(b).

*Commonwealth v. Proctor*, 156 A.3d 261, 273 (Pa. Super. 2017) (some citations omitted and formatting altered). "A substantial question exists only when the appellant advances a colorable argument that the sentencing judge's

actions were either: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process." *Id.* (citation omitted).

Instantly, Appellant preserved his sentencing issue in a post-sentence motion, filed a timely appeal, and included a Pa.R.A.P. 2119(f) statement in his brief. *See id.* We conclude that Appellant has raised a substantial question for our review. *See Commonwealth v. Flowers*, 149 A.3d 867, 871 (Pa. Super. 2016) (stating that a "claim that sentencing court failed to state adequate reasons for sentence imposed presents substantial question regarding appropriateness of sentence" (citation omitted)).

Our standard of review is as follows:

We review a sentence imposed following a revocation of probation for an error of law or an abuse of discretion. . . . An abuse of discretion is not merely an error of judgment, but if in reaching a conclusion the law is overridden or misapplied or the judgment exercised is manifestly unreasonable, or the result of partiality, prejudice, bias, or ill will, as shown by the evidence or the record, discretion is abused.

*Id.* at 873 (citations omitted).

Section 9721 of the Sentencing Code states, in relevant part, "[i]n every case in which the court . . . resentences a person following revocation of probation . . . the court shall make as a part of the record, and disclose in open court at the time of sentencing, a statement of the reason or reasons for the sentence imposed." 42 Pa.C.S. § 9721(b); *see also* Pa.R.Crim.P. 708(D)(2) (providing that during sentencing following the revocation of

probation, "[t]he judge shall state on the record the reasons for the sentence imposed").

This Court has explained that

the requirement that a trial court explain its sentence under Section 9721 and corresponding Criminal Rule [of Procedure] 708 has two components. First, the court must state its reasons on the record at the time the sentence is imposed. Requiring the sentencing court to state its reasons at that time provides a procedural mechanism for the aggrieved party both to attempt to rebut the court's explanation and inclination before the sentencing proceeding ends, and to identify and frame substantive claims for post-sentence motions or appeal.

*　　*　　*

Second, although [a] sentencing court need not undertake a lengthy discourse for its reasons for imposing a sentence, . . . the record as a whole must reflect the sentencing court's consideration of the facts of the crime and character of the offender.

***Flowers***, 149 A.3d at 875-76 (citations and quotation marks omitted).

Here, as noted previously, both parties and the trial court agree that the trial court failed to provide adequate reasons for Appellant's sentence. In its Rule 1925(a) opinion, the trial court stated that "[u]pon a full review of the record, this court concedes that the reasons it stated for its March 22[, 2018] sentence were insufficient to support a lengthy state sentence for a technical violation of probation." Trial Ct. Op., 11/9/21, at 2 (formatting altered). Based on our review of the record, we agree with the trial court's conclusion. Therefore, we remand this matter for resentencing. ***See Flowers***, 149 A.3d at 875-76.

Judgment of sentence vacated. Case remanded for resentencing. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/20/2022