J-A09029-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| AUSTIN SHAWN SHAFFER | : | |
| | : | |
| Appellant | : | No. 939 WDA 2024 |

Appeal from the Judgment of Sentence Entered April 25, 2024
In the Court of Common Pleas of Armstrong County Criminal Division at
No(s): CP-03-CR-0000814-2018

BEFORE: KUNSELMAN, J., NICHOLS, J., and LANE, J.

MEMORANDUM BY NICHOLS, J.: **FILED: JULY 21, 2025**

Appellant Austin Shawn Shaffer appeals from the judgment of sentence imposed following the revocation of his probation. On appeal, Appellant challenges the discretionary aspects of his sentence. For the reasons that follow, we quash.

By way of background, Appellant entered a negotiated guilty plea at three separate docket numbers on May 6, 2019. Specifically, Appellant pled guilty to two counts of simple assault, and one count each of resisting arrest, statutory sexual assault, corruption of minors, and possession with intent to deliver (PWID). [1] The trial court imposed the agreed-upon sentence of twelve to thirty-six months' incarceration with a two-year probationary tail.

---

[1] 18 Pa.C.S. §§ 2701(a)(1), 5104, 3122.1(a)(1), 6301 (a)(1)(ii), and 35 P.S. § 780-113 (a)(30), respectively.

On February 27, 2024, the trial court revoked Appellant's probation based on his failure to comply with the terms of his probation and his failure to report a change of address. *See* N.T. Violation of Probation (VOP) Hr'g, 2/27/24, at 4-5. The trial court deferred sentencing for the preparation of a pre-sentence investigation (PSI) report. *Id.* at 5. On April 25, 2024, the trial court imposed a sentence of twenty-four to sixty months' incarceration. *See* N.T. Sentencing Hr'g, 4/25/24, at 11.

Appellant filed a motion to modify his sentence in which he argued that his sentence was "unfair and excessive in regards to the plea that was negotiated for [Appellant]" in 2019. *See* Pet. to Modify Sentence, 5/6/24, at 1. Following a hearing, the trial court issued an order denying Appellant's motion, which noted that Appellant's guilty plea was "part of a global plea offer which encompassed [multiple] cases, . . . that this resentencing was the result of the fourth revocation of [Appellant's] supervision as part of that global plea" and explaining that Appellant's PSI report provided details regarding Appellant's history of "complete non-compliance with all attempts at supervision, including new criminal charges." Trial Ct. Order, 8/1/24, at 1 (unpaginated).

On August 6, 2024, Appellant filed a notice of appeal and subsequently filed a court-ordered Pa.R.A.P. 1925(b) statement.[2]  The trial court issued a Rule 1925(a) opinion addressing Appellant's claims.

On appeal, Appellant raises the following issue for review:

> Did the trial court abuse its discretion by imposing a sentence upon Appellant without citing any reasons for the sentence on the record?

Appellant's Brief at 4.[3]

Initially, we must determine whether Appellant's appeal is timely. **See Commonwealth v. Duffy**, 143 A.3d 940, 942 (Pa. Super. 2016) (stating that we may raise the timeliness of an appeal *sua sponte* as it implicates our jurisdiction).  It is well settled that in a VOP matter, a notice of appeal must be filed within thirty days of sentencing, regardless of whether a post-sentence motion is filed.  Pa.R.Crim.P. 708(E) (stating that "[a] motion to modify a sentence imposed after a revocation shall be filed within 10 days of the date of imposition" and that "[t]he filing of a motion to modify sentence will not toll the 30-day appeal period"); **see also Commonwealth v.**

_____

[2] In his Rule 1925(b) statement, Appellant claimed that (1) the trial court "sentenced outside of the standard range of guidelines for this offense, without enumerating any aggravated factors onto the record" and (2) the trial court "abused its' discretion by sentencing Appellant to two (2) to five (5) years' at state." **See** Rule 1925(b) Stmt., 9/9/24, at 2 (unpaginated).

[3] We note that Appellant initially raised an additional issue concerning the applicability of the Resentencing Guidelines at 204 Pa. Code §§ 307.1-307.4. However, in his brief, Appellant concludes that the issue is meritless and has withdrawn it for purposes of appeal. **See** Appellant's Brief at 7.

*Flowers*, 149 A.3d 867, 871 (Pa. Super. 2016) (explaining that, generally, although the filing of a post-sentence motion extends the appeal period until after the motion is decided, the filing of a motion to modify a VOP sentence does not toll the thirty-day appeal period).

Further, although the filing of a notice of appeal generally divests the trial court of jurisdiction, an exception applies where the defendant files a timely motion for reconsideration of a revocation sentence and the court expressly grants reconsideration within the appeal period. *See* Pa.R.A.P. 1701(b)(3) & cmt. (stating that "because the clock is running on the appeal period and the period for reconsideration simultaneously, filing the notice of appeal at the same time as or shortly after the motion for reconsideration will protect against waiver of the appeal if the trial court . . . fails to act").

Here, the trial court imposed Appellant's VOP sentence on April 25, 2024. Although Appellant filed a post-sentence motion, the trial court did not expressly grant reconsideration. Therefore, Appellant's post-sentence motion did not toll the appeal period, and Appellant had thirty days from the date of his VOP sentencing to file a notice of appeal. Accordingly, the August 6, 2024 notice of appeal, filed 103 days after the imposition of Appellant's sentence, was untimely. *See* Pa.R.Crim.P. 708(E); *see also Flowers*, 149 A.3d at 871.

For these reasons, this Court is without jurisdiction to consider the merits of Appellant's claims and is constrained to quash the appeal.[4] *Id.*

Appeal quashed. Jurisdiction relinquished.

Judgment Entered.

*[signature: Benjamin D. Kohler]*

Benjamin D. Kohler, Esq.
Prothonotary

DATE: 7/21/2025

_____

[4] In any event, even if Appellant filed a timely notice of appeal, we would conclude that he waived his discretionary sentencing claim. The record reflects that although Appellant filed a motion to modify his sentence, he did not challenge the trial court's failure to state the reasons for the sentence it imposed. *See* Pet. to Modify Sentence, 5/6/24, at 1 (claiming that his sentence was "unfair and excessive in regards to the plea that was negotiated for [Appellant]" in 2019"). Therefore, because Appellant failed to preserve this issue in his post-sentence motion, Appellant's claim is waived. *See* *Malovich*, 903 A.2d at 1251; *see also* Pa.R.A.P. 302(a).

Further, the record reflects that the trial court ordered a PSI report, which it reviewed prior to sentencing. *See* N.T. Revocation Hr'g, 2/27/24, at 4-5; Trial Ct. Order, 8/1/24, at 1 (unpaginated); N.T. Sentencing Hr'g, 4/25/24, at 3; Trial Ct. Op., 10/4/24, at 4-6. It is well settled that the trial court can "satisfy the requirement that reasons for imposing sentence be placed on the record by indicating that he or she has been informed by the [PSI]; thus properly considering and weighing all relevant factors." *Commonwealth v. Ventura*, 975 A.2d 1128, 1135 (Pa. Super. 2009). Therefore, even if properly preserved, Appellant would not be entitled to relief.

- 5 -