J-S19042-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
DAVEL CARR :
:
Appellant : No. 470 EDA 2021

Appeal from the Judgment of Sentence Entered January 25, 2021
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0007068-2019

BEFORE: PANELLA, P.J., OLSON, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY STEVENS, P.J.E.: **FILED JULY 18, 2022**

Davel Carr appeals from the January 25, 2021 aggregate judgment of sentence of 3 to 6 years' imprisonment, plus a restitution award of $3,010.00, imposed after he pled guilty to aggravated assault and accidents involving death or personal injury.[1] After careful review, we affirm the judgment of sentence.

The trial court summarized the relevant facts and procedural history of this case as follows:

> On May 16, 2019, at 3:30 p.m., [Appellant] was driving his vehicle in a school zone, with his own young child unbuckled in the backseat, when he struck thirteen-year old D.B.T., who was crossing the street with his friends. A teacher from the school witnessed

_____

[*] Former Justice specially assigned to the Superior Court.

[1] 18 Pa.C.S.A. § 2702(a) and 75 Pa.C.S.A. § 3742.1, respectively.

the collision and told [Appellant] to pull over. Instead, [Appellant] drove away, leaving D.B.T. bleeding on ground, and suffering from a broken ankle. The teacher recognized [Appellant], having known him for fifteen years, and informed police officers of his identity when they arrived on the scene.

Security cameras from the school captured the collision. Upon reviewing the footage and taking the teacher's statement, police officers located the car at the address to which it was registered. Upon arriving at the address, police officers observed damage to the front of the car parked nearby and arrested [Appellant].

Trial court opinion, 9/22/21 at 2 (citations omitted).

Appellant was charged with aggravated assault and a litany of charges in connection with this incident. On November 2, 2020, Appellant pled guilty to aggravated assault and accidents involving death or personal injury and was sentenced to an aggregate term of 3 to 6 years' imprisonment, plus a restitution award of $3,010.00, on January 25, 2021. The Commonwealth **nolle prossed** the remaining charges.

On February 5, 2021, eleven days after his sentencing hearing, Appellant filed an untimely post-sentence motion for reconsideration of sentence. **See** Pa.R.Crim.P 720(A)(1) (stating, "a written post-sentence motion shall be filed no later than 10 days after imposition of sentence."). The trial court denied Appellant's motion on February 8, 2021.

Appellant's trial counsel subsequently withdrew, and on February 11, 2021, the trial court entered an order appointing appellate counsel "for the purposes of filing a Direct Appeal with the Superior Court of Pennsylvania no

later than March 10, 2021." Trial court order, 2/11/21. This appeal followed on March 1, 2021.[2]

On April 7, 2021, this Court issued a Rule to Show Cause directing Appellant to explain why this appeal should not be quashed as untimely. Appellant's counsel filed a response that same day. On June 25, 2021, this Court discharged the Rule to Show Cause and deferred the issue to the merits panel.

Appellant raises the following issues for our review:

> A. Should this Court quash [Appellant's] appeal as untimely?
>
> B. Did the [trial] court err and abuse its discretion when it ordered $3,010[.00] in restitution, where:
>
>> i. [Appellant's] right to procedural due process was violated because there was no notice of the amount of the restitution?
>>
>> ii. The restitution award was speculative and not supported by sufficient evidence?

Appellant's brief at 6.

Appellant's first issue concerns whether his appeal is properly before us. It is well settled that "[i]f the defendant does not file a timely post-sentence motion, the defendant's notice of appeal shall be filed within 30 days of

---

[2] The trial court did not order Appellant to file a concise statement of errors complained of on appeal, in accordance with Pa.R.A.P. 1925(b). On September 22, 2021, the trial court filed a Rule 1925(a) opinion.

imposition of sentence…." Pa.R.Crim.P. 720(A)(3); *see also* Pa.R.A.P. 903(a) (stating, "notice of appeal … shall be filed within 30 days after the entry of the order from which the appeal is taken.").

In the instant matter, Appellant was sentenced on January 25, 2021 and filed a notice of appeal on March 1, 2021. As noted, this Court issued a rule to show cause why the appeal should not be quashed given that: (1) it was filed over 30 days after Appellant's January 25, 2021 judgment of sentence; and (2) Appellant's filing of an untimely post-sentence motion on February 5, 2021 did not toll the 30-day period from which to file an appeal. *See* Pa.R.Crim.P. 720(A)(1); *Commonwealth v. Dreves*, 839 A.2d 1122, 1127 (Pa.Super. 2003) (*en banc*).

The record reflects that in his response to the Rule to Show Cause, Appellant's counsel proffered evidence that he did not receive the appointment letter until after the 30-day appeal period had expired. Additionally, the Commonwealth notes that the trial court's February 11, 2021 appointment order incorrectly indicated that appellate counsel had until March 10, 2021 to file a timely notice of appeal. Based on the foregoing, we find that Appellant's untimely filing was a result of a breakdown in the operation of the court and agree that his appeal should not be quashed. *See Commonwealth v. Flowers*, 149 A.3d 867, 872 (Pa.Super. 2016) (finding that a misstatement of the time period for filing an appeal constituted a breakdown in the operation of the court which excused late filing).

Appellant's remaining claim on appeal is that the trial court abused its discretion in sentencing him to pay $3010.00 in restitution to the minor victim to compensate him for his medical expenses. Appellant's brief at 12.

"Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion." *Commonwealth v. Zirkle*, 107 A.3d 127, 132 (Pa.Super. 2014) (citation omitted), *appeal denied*, 117 A.3d 297 (Pa. 2015). Appellant must "establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision." *Commonwealth v. Bullock*, 170 A.3d 1109, 1123 (Pa.Super. 2017) (citation omitted), *appeal denied*, 184 A.3d 944 (Pa. 2018).

This court has long recognized that "issues concerning amount of restitution implicate the discretionary aspects of a defendant's sentence." *Commonwealth v. Solomon*, 247 A.3d 1163, 1167 (2021) (citation omitted), *appeal denied*, ___ Pa. ___, 2022 WL 780348 (Pa. 2022). Where an appellant challenges the discretionary aspects of his sentence, the right to appellate review is not absolute. *Commonwealth v. Conte*, 198 A.3d 1169, 1173 (Pa.Super. 2018), *appeal denied*, 206 A.3d 1029 (Pa. 2019). On the contrary, an appellant challenging the discretionary aspects of his sentence must invoke this court's jurisdiction by satisfying the following four-part test:

> (1) whether the appeal is timely; (2) whether appellant preserved his issue; (3) whether appellant's

> brief includes a concise statement of the reasons relied upon for allowance of appeal with respect to the discretionary aspects of sentence; and (4) whether the concise statement raises a substantial question that the sentence is appropriate under the sentencing code.

***Commonwealth v. Carrillo-Diaz***, 64 A.3d 722, 725 (Pa.Super. 2013) (citations omitted).

Instantly, the record reveals that although Appellant has included a statement in his brief that comports with the requirements of Pa.R.A.P. 2119(f), he has failed to preserve his challenge to the amount of the restitution ordered. Specifically, the record reflects that although Appellant's February 5, 2021 post-sentence motion sought a reduction in the term of imprisonment imposed, it did not raise any issue with respect to restitution. Moreover, Appellant's contention that "he preserved [this restitution] issue[] at sentencing when he objected to the amount of restitution[,]" is belied by the record. ***See*** Appellant's brief at 13. On the contrary, Appellant's counsel specifically indicated during the sentencing hearing as follows:

> As to the restitution, if the appropriate forms are supplied, **we have no objection to restitution**. I haven't seen any of the bills for the $3,000, but if they're there, they're there and we'll pay it"

Notes of testimony, 6/25/21 at 61 (emphasis added).

Accordingly, we find that Appellant has waived his discretionary sentencing claim.[3]

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/18/2022

---

[3] In any event, even if Appellant had not waived this claim, his argument that the restitution award imposed by the trial court "was speculative and not supported by a sufficient factual record" is devoid of merit. Appellant's brief at 19. It is well settled in this Commonwealth that "[d]iscretion is abused in ordering speculative or excessive restitution or entering a restitution award not supported by the record." **Solomon**, 247 A.3d at 1168 (citations omitted). Here, however, the record reflects that victim's mother specifically testified at the sentencing hearing that she had been billed multiple times for $2,050.00 for the ankle surgery and $960.00 for the ambulance, and Appellant's counsel had full opportunity to cross-examine her. Notes of testimony, 1/25/21 at 40-49. Additionally, the trial court judge, the Honorable Barbara A. McDermott, noted on the record that she had reviewed the medical bills at issue. **Id.** at 30-31, 67-68.