J-A24008-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| TAVEN JAQUIN GLASGOW | : | |
| | : | |
| Appellant | : | No. 210 MDA 2025 |

Appeal from the Judgment of Sentence Entered January 17, 2025
In the Court of Common Pleas of Dauphin County Criminal Division at
No(s): CP-22-CR-0006177-2014

BEFORE: DUBOW, J., KUNSELMAN, J., and BECK, J.

MEMORANDUM BY BECK, J.: **FILED: OCTOBER 29, 2025**

Taven Jaquin Glasgow ("Glasgow") appeals from the judgment of sentence imposed by the Dauphin County Court of Common Pleas ("trial court") following the revocation of his probation. Glasgow challenges discretionary aspects of his sentencing. After careful review, we vacate and remand for resentencing.

In or around 2010, Glasgow sexually abused his two minor half-brothers. The victims reported the abuse in 2012. The Commonwealth charged Glasgow with two counts each of involuntary deviate sexual intercourse, unlawful contact or communication with a minor, incest, indecent assault, and corruption of minors. On April 18, 2016, Glasgow entered a no contest plea. The trial court sentenced Glasgow to an aggregate term of one to two years of incarceration, followed by ten years of probation.

While on probation, the Commonwealth charged Glasgow with, inter alia, aggravated assault, possession of a firearm prohibited, and possession of a controlled substance with intent to deliver. These charges stemmed from a search conducted after probation officers received a tip that he was in violation of the terms of his probation. The search occurred on June 7, 2021, during which officers found a 9 mm handgun and 56 grams of crack cocaine. While officers were attempting to take Glasgow into custody, he struck and choked one of them. Glasgow pleaded guilty to the charges, and the trial court sentenced him to three to ten years of incarceration.

On January 17, 2025, the trial court held a violation of probation hearing, at which the Commonwealth presented evidence of Glasgow's guilty plea, as well as his travel outside of the county and contact with minors, all of which violated his probation. The trial court revoked Glasgow's probation and sentenced him to two and one-half to five years in prison, followed by five years of probation. On January 23, 2025, Glasgow filed a timely post-sentence motion seeking reconsideration of his sentence. Before the trial court could rule on that motion, Glasgow filed a notice of appeal,[1] and a concise statement of matters complained of on appeal pursuant to Pa.R.A.P.

_____

[1] *See* Pa.R.Crim.P. 708(E) ("The filing of a motion to modify sentence will not toll the 30-day appeal period."); *Commonwealth v. Parlante*, 823 A.2d 927, 929 (Pa. Super. 2003) (stating "if an appellant chooses to file a motion to modify her revocation sentence, she does not receive an additional 30 days to file an appeal from the date her motion is denied").

1925(b). The trial court issued an opinion, requesting this Court remand the matter for it to modify the sentence to remove the probationary portion of the revocation sentence.

Glasgow raises two issues on appeal:

I. Whether the [trial] court erred in imposing a 2 and [one-]half year to 5 year sentence, with a consecutive 5 years of probation without providing reasons on the record for the imposed sentence[?]

II. Whether the [trial] court admittedly abused its discretion in imposing the consecutive period of probation supervision, [because it] constitutes too severe a punishment in light of the rehabilitative needs … of [] Glasgow that were already in place[?]

Brief for Appellant at 6.

Glasgow challenges the discretionary aspects of his sentence. *See Commonwealth v. Flowers*, 149 A.3d 867, 870, 875 (Pa. Super. 2016) (trial court's failure to provide reasons for sentence implicates the discretionary aspects of sentencing); *Commonwealth. v. Ahmad*, 961 A.2d 884, 886 (Pa. Super. 2008) ("A challenge to an alleged excessive sentence is a challenge to the discretionary aspects of a sentence"). "Challenges to the discretionary aspects of sentencing do not entitle an appellant to review as of right." *Commonwealth v. Akhmedov*, 216 A.3d 307, 328 (Pa. Super. 2019) (citation omitted); *see also Commonwealth v. Cartrette*, 83 A.3d 1030, 1039 (Pa. Super. 2013) (en banc) (noting there is "no distinction between discretionary sentencing claims generally and those that arise from revocation proceedings").

An appellant must invoke this court's jurisdiction by showing:

(1) the appeal was timely filed; (2) the challenge was properly preserved by objecting during the revocation sentencing or in a post-sentence motion; (3) his or her brief includes a concise statement of the reasons relied upon for allowance of appeal of the discretionary aspects of the sentence pursuant to Pa.R.A.P. 2119(f); and (4) the concise statement raises a substantial question that the sentence is inappropriate under the Sentencing Code.

**Commonwealth v. Starr**, 234 A.3d 755, 759 (Pa. Super. 2020) (citation omitted). A substantial question is raised "only when the appellant advances a colorable argument that the sentencing judge's actions were either: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process." **Commonwealth v. Moury**, 992 A.2d 162, 170 (Pa. Super. 2010) (citation omitted).

Glasgow timely filed this appeal, preserved both issues raised on appeal by including them in his post-sentence motion, and included a Rule 2119(f) statement in his brief. Additionally, Glasgow raises a substantial question by arguing that the trial court failed to state reasons on the record for the sentence imposed. **See Flowers**, 149 A.3d 867 at 871 (failure to state adequate reasons on the record raises a substantial question).

Our standard of review is as follows:

The imposition of sentence following the revocation of probation is vested within the sound discretion of the trial court, which, absent an abuse of that discretion, will not be disturbed on appeal. An abuse of discretion is more than an error in judgment - a sentencing court has not abused its discretion unless the record

- 4 -

discloses that the judgment exercised was manifestly unreasonable, or the result of partiality, prejudice, bias or ill-will.

***Starr***, 234 A.3d at 760-61 (citation omitted).

"[I]n every case in which the court … resentences a person following revocation of probation …, the court shall make as a part of the record, and disclose in open court at the time of sentencing, a statement of the reason or reasons for the sentence imposed." 42 Pa.C.S. § 9721(b); ***see also*** Pa.R.Crim.P. 708(D)(2) (requiring that, when imposing a sentence following revocation of probation, "[t]he judge shall state on the record the reasons for the sentence imposed"). "[A] sentencing court need not undertake a lengthy discourse for its reasons for imposing a sentence, [but] the record as a whole must reflect the sentencing court's consideration of the facts of the crime and character of the offender." ***Flowers***, 149 A.3d at 876 (citation omitted). The court may meet this requirement by indicating that it "has been informed by the pre[]sentencing report[,] thus properly considering and weighing all relevant factors." ***Commonwealth v. Goodco Mech., Inc.***, 291 A.3d 378, 407 (Pa. Super. 2023) (citation omitted); ***see also Commonwealth v. Devers***, 546 A.2d 12, 14 (Pa. 1988). A "[f]ailure to comply [with the provisions of this subsection] shall be grounds for vacating the sentence or resentence and resentencing the defendant." 42 Pa.C.S. § 9721(b); ***see also Cartrette***, 83 A.3d at 1041.

At the revocation hearing, the Commonwealth presented evidence that Glasgow violated his probation, including by his conviction of new crimes and

violating his no-contact order with minors. N.T., 1/17/2025, at 4-7, 9-12. Glasgow's counsel submitted a mitigation memorandum, which broadly described Glasgow's mental health concerns, substance abuse issues, and employment efforts. *Id.* at 15-16. Further, in response to Glasgow indicating that he wished the court had read his letter, the court told Glasgow that he "read everything that was handed up[.]" *Id.* at 20. The Commonwealth recounted Glasgow's prior criminal history, and concerns for the safety of the community. *Id.* at 22-26. Glasgow exercised his right to allocution. *Id.* at 26-27. Thereafter, the trial court revoked Glasgow's probation and imposed sentence. *Id.* at 27.

However, the trial court entered its sentence without explanation. *See id.* ("The defendant's revoked and resentenced to 2½ to 5 years consecutive to the sentence that he plead[ed] guilty to."). The Commonwealth requested an additional five-year probationary sentence, which the trial court also imposed without stating its reasons. *Id.* at 27-30. It did not mention anything at Glasgow's sentencing hearing about its review of a presentence investigation report, and the report itself is absent from the certified record before this Court.

In its Rule 1925(a) opinion, the trial court stated that at the revocation hearing, it

> heard testimony regarding [Glasgow's] supervision history, the surrounding circumstances involving [Glasgow's] prior criminal history as well as testimony from [Glasgow] himself. We ordered a pre[]sentence investigation/risk assessment report, which we

- 6 -

received and reviewed prior to the revocation hearing. We also received and reviewed a mitigation memorandum that was filed by counsel for [Glasgow].

Trial Court Opinion, 4/7/2025, at 2 (some capitalization omitted).

At no time during the sentencing hearing did the trial court state the reasons for the sentence imposed on the record, in contravention of section 9721(b) and criminal rule 708(D)(2). Although the trial court heard about Glasgow's character and background through testimony and argument, it made no indication on the record what, if anything, it took into account in fashioning his sentence. Further, although the trial court states it considered a presentence investigation report in its 1925(a) opinion, "it is not sufficient for the trial court to state its reasons in a post-sentence Rule 1925(a) opinion." *Flowers*, 149 A.3d at 876.

Therefore, we are constrained to vacate Glasgow's resentence following the revocation of his probation and remand this matter to the trial court for a new resentencing hearing.[2]

Judgment of sentence vacated. Case remanded for further proceedings. Jurisdiction relinquished.

---

[2] Based upon our disposition, we need not address Glasgow's second issue concerning the excessiveness of the probationary sentence.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary


Date: <u>10/29/2025</u>